# ST. LOUIS AND KANSAS CITY LAND COMPANY *v.* KANSAS CITY.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 261.   Argued March 7, 1916.—Decided June 5, 1916.

The extent of the authority conferred upon a city by its charter, the construction of such charter, and the validity, scope and effect of ordinances adopted by the city and of proceedings thereunder and the rights of parties thereto under state law, are matters of state law as to which the decision of the state court is controlling.

A ruling as to the effect, with respect to supplemental proceeding, of the decree in a court of the same State holding a prior assessment void as to certain parties for want of required notice, does not present a Federal question.

An owner of property, which may be assessed for benefits in order to pay an award for property condemned, is not entitled, under the due process provision of the Fourteenth Amendment, to be made a party to the condemnation proceeding or to be heard as to the amount of the awards; due process of law requires only those whose property is to be taken for public improvement to have prior notice.

The question under the Fourteenth Amendment is one of state power and not of state policy; of what the State must accord—not what it may grant or withhold in its discretion.

Differences due to voluntary action and diverse individual choice may arise under equal laws and not amount to denial of equal protection of the law within the meaning of the Fourteenth Amendment.

While all taxes and assessments are necessarily laid by some rule of apportionment, and a scheme of distribution which is palpably arbitrary and constitutes a plain abuse may be condemned as violating the Fourteenth Amendment, the mere fact that there may be inequalities is not enough to invalidate the action of a State.

Where assessments are made by a political subdivision according to special benefits, the property owner is entitled to be heard as to the amount of his assessment and all matters properly entering into that determination, but he is not entitled to be heard not only as to the assessment on his property but also as to the assessments on all other property owners.

Where a state statute provides for a supplemental proceeding to correct errors in an assessment proceeding, nothing in the Federal Constitution prevents the inclusion in the supplemental proceeding of properties omitted from the original proceeding.

The Seventh Amendment has no application to an assessment or condemnation proceeding in a state court.

260 Missouri, 395, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of proceedings for condemnation of land for a street widening and assessments for benefits in Kansas City, Missouri, are stated in the opinion.

*Mr. I. N. Watson, Mr. Kenneth Mc C. DeWeese* and *Mr. H. M. Langworthy,* with whom *Mr. Edward White,* and *Mr. E. M. Jones* were on the brief, for plaintiffs in error.

*Mr. Jesse C. Petherbridge* and *Mr. Arthur F. Smith,* with whom *Mr. Andrew F. Evans* was on the brief, for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This was a supplemental proceeding to assess certain parcels of land in Kansas City, Missouri, for benefits. The assessments were for the purpose of meeting an unpaid portion of damages which had been awarded for property condemned in widening Sixth street. Judgment for the assessments was entered on the verdict of a jury and was affirmed by the Supreme Court of Missouri, *in banc.* 260 Missouri, 395. This writ of error is prosecuted by owners of property thus assessed.

In October, 1909, the Common Council of Kansas City passed an ordinance providing for the condemnation of property within specified limits and for the raising of the amount of the award by special assessments against property within a described benefit district in accordance with Article 6 of the City's charter. Proceedings ac-

cordingly were then brought in the Municipal Court of
Kansas City resulting in an award of $166,299.57 for
property taken and in the making of assessments of like
amount for benefits. There were over 13,000 different
tracts within the benefit district. No appeal was taken
from the judgment. The City collected on the assess-
ments about $89,000. It was discovered that the publi-
cation of the required notice of the proceeding was de-
fective and in an appropriate suit in equity, brought by
the Union Pacific Railroad Company, a decree was ob-
tained in favor of that company, and of certain inter-
venors, annulling the assessments against their properties;
and no appeal was taken from that decree.

Thereupon, Kansas City attempted to repeal the orig-
inal ordinance, presumably—as the state court suggests—
for the purpose of abandoning the proceeding and re-
turning the assessments paid. At the suit of owners of
the land condemned—who were entitled to the awards—
decree was entered enjoining the City from abandoning
the condemnation proceedings. The City then enacted a
'supplemental or curative ordinance' basing its action on
the authority of § 23[1] of Article 6 of the City's charter.

---

[1] Section 23 is as follows:

"SECTION 23. Defective Proceedings—Supplemental. When by
reason of any error, defect, or omission in any proceedings, or in the
verdict or judgment therein that may be instituted under the provi-
sions of this Article, a portion of the private property sought to be
taken, or some interest therein, cannot be acquired, or an assessment
is made against private property which cannot be enforced or collected,
or when, by reason of any such defect, private property in the benefit
district is omitted, the city may, by ordinance, institute, carry on and
maintain supplemental proceedings to acquire the right and title to
such property or interest therein intended to be taken by the first
proceeding, but which cannot on account of such defect, error or omis-
sion, be acquired thereunder, or to properly assess against any piece
or parcel of private property against which an assessment was in the
first proceeding erroneously made or omitted to be made, the proper

"The object of said sensible charter provision," it is said by the state court, "was to afford a remedy when by any error, defect or omission in condemnation proceedings, assessments made against private property cannot be enforced or collected or where property in the benefit district is omitted, etc. In such case it was provided that the city may by ordinance institute and carry on supplemental proceedings to make a proper assessment against any parcel of property in the benefit district erroneously omitted or erroneously made in the first proceeding, etc." 260 Missouri, p. 406.

Under this ordinance the supplemental proceeding was instituted in the Municipal Court. The notice required by the charter was given and the plaintiffs in error (with the exception of the Union Depot Bridge & Terminal Railroad Company) appeared. The jury returned a verdict which was "the same as to the amount of benefits as the verdict returned in the original proceeding." *State ex rel. Graham* v. *Seehorn*, 246 Missouri, 541, 552; see 260 Missouri, p. 406. An appeal was taken from the judgment to the Circuit Court of Jackson County. While

amount such private property, exclusive of the improvements thereon, is benefited by the proposed improvement to be determined by the verdict of the jury in such supplemental proceedings; and the original assessments may be revived, corrected, increased or diminished as may be necessary or equitable under the provisions of this Article for the original proceedings. Such supplemental proceedings shall be instituted and conducted as to the particular piece or pieces of private property sought to be acquired or assessed in like manner and with like effect as in the original proceedings, and shall be known and described as supplemental proceedings for the purposes specified in the original ordinance; and a supplemental verdict and assessment shall be made, confirmed and copies of the original verdict certified in every particular as in the original proceedings; and the assessments as established and corrected by such supplemental verdict shall be collected by the City Treasurer in the same manner and under like conditions and restrictions, powers and duties as in the case of original proceedings."

the case was pending in that court, the presiding judge having announced that he purposed to "try out the question of the amount of damages awarded to property owners whose property was taken or damaged under the original proceeding as well as the question of assessing benefits over non-paying properties within the benefit district," two prohibition suits were brought in the Supreme Court of the State. The one was brought by owners of property in the benefit district who contended that the Municipal Court had no jurisdiction of either the original or the supplemental proceedings, and hence that the Circuit Court had no jurisdiction on appeal. This contention was overruled and the writ denied. *State ex rel. Graham* v. *Seehorn, supra;* see 260 Missouri, p. 407. The other prohibition suit was brought by the owners of property which was sought to be taken for public use. They urged that there was no provision for an appeal in a supplemental proceeding begun in the Municipal Court, and that, in any event, the Circuit Court had no jurisdiction to award damages. The court sustained the right of appeal, but it was held that the verdict and judgment in the original proceedings were valid "as to those who appeared and accepted them"; that the original proceedings, unappealed from, became *res judicata.* The jury were not to include in their verdict "assessments of benefits and damages upon property properly included in the first verdict." In answer to the contention that property owners in the benefit district were entitled to be heard on the question of the amount to be paid for the property taken in condemnation, the court ruled that, while it was entirely proper as a matter of grace to permit such owners to aid the city in preventing an unduly high valuation of the property condemned, they were not necessary parties in the determination of that issue and that this question was not open to retrial in the supplemental proceedings where the owners of the property condemned

had acquiesced in the awards. Accordingly, a writ issued prohibiting the Circuit Court from retrying the question of the amount of damages awarded to the owners of property condemned. *State ex rel. Tuller* v. *Seehorn,* 246 Missouri, 568; see 260 Missouri, 407–409.

The Circuit Court then resumed the trial of the appeal in the supplemental proceeding. The plaintiffs in error appearing (with the exception of the Union Depot Bridge Company) challenged the validity of the proceedings under the state law and each company also claimed protection under the due process and equal protection clauses of the Fourteenth Amendment from any assessment of benefits until it had "opportunity to be heard upon the amount of damages that shall be awarded to property owners and the benefits assessed against it as provided by the charter of Kansas City in the original proceedings" and that it was entitled to notice of those proceedings. The right to retry the amount of the award in condemnation was frequently reiterated during the progress of the cause and denied. It was also unsuccessfully contended that the decree in favor of the Union Pacific Railroad Company, and intervenors, annulling the former assessments as to them was a bar. The court further ruled, over exceptions, that under the decision of the Supreme Court the jury was concluded from changing the assessments on the property of those owners who had paid under the original proceedings; and a general offer of testimony assailing such assessments was rejected. It appeared that, after deducting from the total awards of damages for property condemned the amount which had already been paid by property owners, there remained a balance of $76,981.98. Among the instructions given to the jury (and to each of which a general exception was taken) were the following:

"This balance you may assess against the city generally, including any benefit to any property of the city

within the benefit district, and against such of the remaining private property, lots, tracts and parcels of land, exclusive of the improvements thereon, in the benefit district, as you may deem is benefited, if any, and in the proportion which you may deem the same benefited, by the opening and widening of Sixth Street, and upon which no assessments have been paid under the original proceedings."

"If the jury find and believe from the evidence that the benefits to the city at large and the special benefits to all the property within the benefit district does not equal the damages heretofore awarded for the proposed taking of property for widening 6th Street from Broadway to Bluff Street or if the jury find that the damages so awarded exceeds in amount all such benefits as would accrue from such widening of 6th Street—then the jury will so state in their verdict and will assess no benefits in these proceedings."

"The jury are instructed that in determining the special benefit, if any, to be assessed against any piece of property, they are not allowed to assess any sum against any piece of property except such sum as they may find said property is actually and specially benefited and enhanced in value, as distinguished from any general benefit such property may receive, if any, in common with other property of the city, by reason of the widening of 6th Street."

"In passing upon the issue as to whether or not the damages in this case exceed the benefits, the jury should not and must not be influenced by the fact that the damages have been determined by another jury in another proceeding. Private property must not be assessed in excess of the actual benefits accruing thereto, if any, as distinguished from the benefits accruing to the city in general."

"Upon your request for further instruction in regard

to your duties as to assessing benefits in this proceeding, you are instructed that you may not assess any benefits in this supplemental proceeding against any property in the benefit district which was adjudged in the original proceeding to have been damaged by reason of a part thereof being taken for the widening of Sixth Street from Broadway to Bluff Street."

Among the instructions refused was one (apparently asked by a party not one of the plaintiffs in error, but in whose exception the others joined) to the effect that the property owner was entitled under the Fourteenth Amendment "to introduce evidence and be heard upon the questions (a) of the cost of the improvement in question to pay which such benefits are to be assessed and (b) of what proportion of the total benefit, if any, of said improvement should be assessed against other property in the benefit district, that upon the plat of which is marked the word 'paid' as well as all other property," and that inasmuch as the alleged right had been denied the jury should not assess any benefit.

The jury rendered a verdict laying assessments upon the properties of the plaintiffs in error, and motions for a new trial were denied. The Union Depot Bridge Company was assessed with two others, jointly, and appeared and objected to the verdict. Thereupon, the court recalled the jurors and directed separate assessments which were made. The Union Depot Bridge Company asked for an instruction to the effect that a portion of its property had been assessed in the original proceeding, that the assessment had been paid, and that the remainder of the lands were then found not to be benefited and should not be assessed. This instruction was refused. This company also moved for a new trial, insisting that it was deprived of its property without due process of law and denied the equal protection of the laws in violation of the Fourteenth Amendment.

On appeal the Supreme Court of the State entered judgment of affirmance, and it is to review that judgment that this writ of error has been sued out.

The extent of the authority conferred upon the City by its charter, the construction of the various provisions of the charter, the validity, scope and effect under the state law of the ordinances adopted by the City, and the scope and effect of the original and supplemental proceedings, and the rights of the parties thereto, under the state law, are state questions as to which the decision of the state court is controlling. *Long Island Water Co.* v. *Brooklyn,* 166 U. S. 685; *Castillo* v. *McConnico,* 168 U. S. 674, 683; *King* v. *Portland,* 184 U. S. 61; *Willoughby* v. *Chicago,* 235 U. S. 45. So, the ruling as to the effect, with respect to the supplemental proceeding, of the decree in a court of the same State holding the prior assessments void for want of the required notice, as to the complainant in that suit and certain intervenors, does not present a Federal question. *Phœnix Ins. Co.* v. *Tennessee,* 161 U. S. 174, 185.

It is also well settled that an owner of property which may be assessed for benefits in order to pay an award for property condemned, is not entitled by virtue of the Fourteenth Amendment to insist upon being made a party to the condemnation proceeding or to be heard with respect to the amount of the award. He may not demand, as a Federal right, that the power of eminent domain shall not be exercised save upon notice to him. *Voigt* v. *Detroit,* 184 U. S. 115, 122; *Goodrich* v. *Detroit,* 184 U. S. 432, 437, 438; *Londoner* v. *Denver,* 210 U. S. 373, 378. As well might it be argued, as was suggested in *Goodrich* v. *Detroit, supra,* that whenever the city contemplated a public improvement of any description, it would be necessary to give notice to all those who might be taxed to pay for it. The established rule is "that it is only those whose property is proposed to be taken for a public improvement

that due process of law requires shall have prior notice."
(*Id.*)

Nor is there ground for a distinction because the charter
of Kansas City provided a single proceeding, embracing
both the proposed condemnation and assessment for
benefits, and required notice to the property owners
within the benefit district. The question under the Four-
teenth Amendment is one of state power, not of state
policy; of what the State must accord, not of what it may
grant or withhold in its discretion. *Castillo* v. *McConnico,
supra; Willoughby* v. *Chicago, supra.* With respect to
neither proceeding, original or supplementary, was it
essential to due process of law in making assessments that
the assessed owners should be heard on the amount of
the awards in condemnation. Nor was there a denial
of the equal protection of the laws because in the original
proceeding there was such an opportunity, together with
a right of appeal. The asserted inequality sprang solely
from the fact that certain assessed owners, despite the
defective publication of notice, appeared and acquiesced
in the proceedings. There is no ground for the charge
of a denial of equal protection because some owners were
willing to waive defects in procedure and others were not.
Differences due to voluntary action and diverse individ-
ual choices constantly arise under equal laws. We con-
clude that the contention based on the refusal to reopen
the case as to the damages awarded is wholly without
merit.

With respect to the amount of the assessments to pay
these damages, it is apparent that the question presented
relates solely to the right to insist upon a re-determination
of the assessments laid upon the properties of other owners,
which those owners had accepted and paid. Under the
rulings of the court, none of the plaintiffs in error were
assessable except for benefits actually and specially ac-
cruing to their respective properties; they were heard as

to these benefits and as to the amount of their own assessments. Their objection, as to the matter of apportionment, struck at the finality of the other assessments. In the only instance in which it could be said that any right under the Federal Constitution was specially and appropriately set up as to apportionment it was urged that these owners were entitled to be heard upon "what proportion of the total benefit, if any, of said improvement should be assessed against other property in the benefit district, that upon the plat of which is marked the word 'paid' as well as all other property"; and because this was not allowed, and the assessments which had been acquiesced in and paid by other owners were held to be final, a peremptory instruction was asked that the jury should assess no benefits. It is apparent that this objection goes directly to the validity of the supplemental proceeding as such and denies the power of the State to authorize it. It means that the only proceeding that could constitutionally be taken in such a case would be to have a trial *de novo* as to all the assessments; and thus, where as in this instance thousands of tracts are involved, if a defect is found in the publication of the notice in the original proceeding and a property owner challenges his assessment upon that ground, it would not be sufficient to give him a hearing as to the amount of his own assessment but he could demand as a constitutional right a re-determination of the assessments of all others.

This contention is inadmissible. It is true that all taxes and assessments are laid by some rule of apportionment. Where the scheme of distribution is palpably arbitrary and constitutes a plain abuse it may be condemned as violative of the fundamental conceptions of justice embodied in the Fourteenth Amendment. The principles involved in such cases have recently been discussed and need not be restated. *Wagner* v. *Baltimore*, 239 U. S. 207; *Houck* v. *Little River District*, 239 U. S. 254, 265;

*Myles Salt Co.* v. *Commissioners,* 239 U. S. 478, 485;
*Gast Realty Co.* v. *Schneider Granite Co.,* 240 U. S. 55, 58,
59; *Embree* v. *Kansas City Road District,* 240 U. S. 242,
250, 251. . But the mere fact that there may be inequali-
ties is not enough to invalidate state action. *Davidson*
v. *New Orleans,* 96 U. S. 97, 105; *Walston* v. *Nevin,* 128
U. S. 578, 582; *Fallbrook Irrigation District* v. *Bradley,*
164 U. S. 112, 176, 177; *Houck* v. *Little River District,*
*supra.* Where assessments are made by a political sub-
division, a taxing board, or court, according to special
benefits, the property owner is entitled to be heard as to
the amount of his assessment and upon all questions
properly entering into that determination. "If the legis-
lature," as has frequently been stated, "provides for
notice to and hearing of each proprietor, at some stage
of the proceedings, upon the question what proportion
of the tax shall be assessed upon his land, there is no taking
of his property without due process of law." *Spencer* v.
*Merchant,* 125 U. S. 345, 355, 356; *Paulsen* v. *Portland,*
149 U. S. 30, 41; *Bauman* v. *Ross,* 167 U. S. 548, 590;
*Goodrich* v. *Detroit, supra.* What is meant by his "pro-
portion of the tax" is the amount which he should be
required to pay or with which his land should be charged.
As was said in *Fallbrook Irrigation District* v. *Bradley,*
164 U. S. p. 175, when it is found that the land of an owner
has been duly included within a benefit district "the right
which he thereafter has is to a hearing upon the question
of what is termed the apportionment of the tax, *i. e.,*
the amount of the tax which he is to pay." See, also,
*French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324, 341.
It is a very different thing to say that an owner may de-
mand as a constitutional privilege, not simply an inquiry
as to the amount of the assessment with which his own
property should rightly be charged in the light of all rele-
vant facts, but that he should not be assessed at all unless
the assessments of other owners who have paid without

question and are not complaining shall be re-opened and re-determined. The Fourteenth Amendment affords no basis for a demand of that sort.

The separate contention of the Union Depot Bridge Company is, as the state court said, virtually one of *res judicata.* It was insisted that as a portion of its property was assessed in the original proceeding, and the assessment had been paid, it could not be assessed on other portions in the supplemental proceeding; that it must be concluded that the jury in the original proceeding had found that the other tracts were not benefited. The question whether the first judgment had this effect was a matter of state law; there is nothing in the Federal Constitution to prevent the assessment in the supplemental proceedings of properties omitted from the first proceeding. *Phœnix Insurance Co.* v. *Tennessee, supra.* The Seventh Amendment, invoked in this connection, has no application. *Minneapolis & St. Louis R. R.* v. *Bombolis,* decided May 22, 1916, *ante,* p. 211. The company appeared in the supplemental proceeding and was heard, and so far as any Federal question is concerned, does not appear to be in a different case from that of the other property owners.

We find no error in the decision of the Federal questions and the judgment is affirmed.

*Judgment affirmed.*