NORFOLK COUNTY WATER CO. v. CITY OF NORFOLK et al.

(Circuit Court of Appeals, Fourth Circuit.　October 8, 1917.)

No. 1540.

1. CONSTITUTIONAL LAW ☞211—EQUAL PROTECTION OF LAWS—LEGISLATION AFFECTING WATER COMPANY.

A water company, given by its charter no exclusive right in the territory where it operates, takes its charter and develops its business subject to the risk that competitors may be permitted to enter the same field; and a state law which authorizes a city to do so, although it prohibits the city from extending its system in another direction into territory in which other companies are operating, is not for that reason unconstitutional, as denying the company the equal protection of the laws.

2. CONSTITUTIONAL LAW ☞211—EQUAL PROTECTION OF LAWS—NATURE OF DISCRIMINATION PROHIBITED.

The mere fact that it results in inequality is not enough to invalidate a state law; but the inequality forbidden is that which results from arbitrary imposition of burdens upon one which are not imposed upon others in substantially the same situation.

3. CONSTITUTIONAL LAW ☞48—EQUAL PROTECTION OF LAWS—PRESUMPTION IN FAVOR OF STATUTE.

The presumption in favor of the constitutionality of a statute embraces presumption that the Legislature intended to be just and to promote the public welfare, and that it investigated and found some reasonable basis of distinction and classification, warranting an apparently unequal burden imposed or unequal exemption allowed by the statute, and in the absence of facts clearly showing the distinction to be arbitrary the statute will be sustained by the courts.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Suit in equity by the Norfolk County Water Company against the City of Norfolk and T. S. Purdie, William M. Hannan, and S. S. Nottingham, members of the Board of Control of said City.　Decree for defendants, and complainant appeals.　Affirmed.

Luther B. Way, of Norfolk, Va. (Pender, Way & Foreman, of Norfolk, Va., on the brief), for appellant.

George Pilcher, of Norfolk, Va., for appellees.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON, District Judge. .

WOODS, Circuit Judge.　The foundation of the bill filed by the Norfolk County Water Company on June 15, 1917, is the allegation that a statute of Virginia of 1916 so affected the interests of the complainant so as to deprive it of the equal protection of the laws of the state.　The District Court refused to grant the temporary injunction asked by the complainant, and on motion of the defendant dismissed the bill, on the ground that it stated no cause of action.

The case presented may be thus summarized:　The complainant, Norfolk County Water Company, was organized as a corporation in 1900, and began to supply water to the inhabitants of Norfolk county

near the city of Norfolk. In 1902 a portion of the territory served by the complainant was annexed to the city as the Seventh ward, and in 1911 other portions were annexed as the Ninth and Tenth wards. As a consequence the city became a competitor of the complainant in furnishing water to the inhabitants of the annexed territory. In 1907 the complainant enlarged its plant, and acquired from individuals and from the county valuable property and franchises. Prior to the year 1912 the statutes of Virginia prohibited altogether the city of Norfolk from selling water outside of its corporate limits. In that year an act was passed (Laws 1912, c. 102) empowering the city to contract for furnishing water, gas, and electricity, "either within or without the city limits." The statute contained the proviso:

"That in no event shall such contracts be made *with individuals or corporations (except water companies) for the delivery of water at points without the city where the mains laid or to be laid are paralleled by the mains of any water company;* nor shall such contracts be made for the delivery of water within the city of Portsmouth, or, on the west side of the Elizabeth river, within three miles of the corporate limits thereof, except by virtue of power derived by law from the acquisition of the property of any water company doing business in said city."

This law, including the proviso, was re-enacted by the act of 1914 (Laws 1914, c. 88) amending the charter of the city. In 1916 (Laws 1916, c. 229) the act was amended by striking out the words italicized above, making the proviso read:

"That in no event shall such contracts be made for the delivery of water within the city of Portsmouth, or, on the west side of Elizabeth river, within three miles of the corporate limits thereof, except by virtue of powers derived by law from the acquisition of the property of any water company doing business in said city."

The change resulted, it is alleged, in serious disadvantage to the complainant in this way: The statutes in force prior to the act of 1916 prohibited the city of Norfolk from competing with any water company, including the complainant, outside its own limits, thus placing the several water companies in the vicinity on an equality. By the act of 1916 the city of Norfolk was empowered to run its mains and sell water in any of the territory on the east side of Elizabeth river. Great injury will result to the complainant operating in that territory from the city's competition, without compensation by condemnation and purchase, or otherwise; whereas, the water companies occupying and serving the territory on the west side of the river, including the city of Portsmouth, are protected from the competition of the city of Norfolk, since it can operate in that territory only on condition of acquiring the property of those companies. The question is whether this discrimination deprives the complainant of the equal protection of the laws.

[1] The charter of the complainant conferred no exclusive right to the business of laying mains and selling water in the territory where it operates; therefore it must be held to have taken its charter and developed its business in the face of the risk that the General Assembly might at any time authorize, by charter or otherwise, either a municipal corporation or another private public service corporation to enter that

territory in competition with it. The Legislature in effect did this when it enlarged the corporate limits of the city of Norfolk, thus authorizing the city to extend its water system, so as to compete with the complainants. The fact that another water company was operating in territory not annexed, and therefore was not brought into competition with the city, would furnish no basis for a claim that the complainant had been denied the equal protection of the laws, within the meaning of the Fourteenth Amendment. The extension of the corporate limits, with the resultant disadvantage to the complainant, did not impose any burden upon the complainant from which another in like situation was exempted. It was merely the exercise by the legislative power of its right to extend the corporate limits of a city, to which the advantages and disadvantages falling to corporations and individuals are necessary incidents.

[2] But it is argued that the history of the legislation and the terms of the act of 1916 show that it was not only the effect, but the purpose, of the act of 1916 to discriminate against the complainant, by allowing the city to compete with it, while protecting from the city's competition water companies in precisely the same situation doing business on the west side of Elizabeth river. The mere fact that it results in inequality is not enough to invalidate a state law. The inequality forbidden is that which results from arbitrary imposition of burdens upon one which are not imposed upon others in substantially the same situation. St. Louis, etc., Co. v. Kansas City, 241 U. S. 419, 430, 36 Sup. Ct. 647, 60 L. Ed. 1072.

"Equal protection is denied when upon one of two parties engaged in the same kind of business and under the same conditions burdens are cast which are not cast upon the other." Cotting v. Kansas City Stock Yards, 183 U. S. 79, 112, 22 Sup. Ct. 30, 46 L. Ed. 92.

[3] The presumption in favor of the constitutionality of a statute embraces presumption that the Legislature intended to be just and to promote the public welfare, and that it investigated and found some reasonable basis of distinction and classification warranting the apparently unequal burden imposed or unequal exemption allowed by the statute. The strength of these presumptions is growing in judicial conception. The difficulty is in the application of these general rules for determining the limit of the protection of the Fourteenth Amendment. Two late cases are illustrative of discriminations that fall without and within the protection of the Constitution. The state may create tax districts and apportion the burdens of taxation, though unequal, without violation of the Fourteenth Amendment, unless the apportionment is palpably arbitrary and a plain abuse. Houck v. Little River Drainage District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266. But a scheme of taxation which subjects without reason owners of property having greater depth than that adjoining to greater and disproportionate taxation is unconstitutional. Gast Realty, etc., Co. v. Schneider, etc., Co., 240 U. S. 55, 36 Sup. Ct. 254, 255, 60 L. Ed. 523.

It cannot be said that the statutory distinction was arbitrary, in allowing the city of Norfolk to extend its water system on the Norfolk

side of the Elizabeth river, with the incidental unrestricted competition with the complainant, while burdening such extension to the Portsmouth side within three miles of the city of Norfolk with the condition that it should acquire the property of the water companies operating in that territory. Evidently the prohibition against the city of Norfolk operating on the Portsmouth side might have been absolute, and the complainant would have had no standing to object. In general, the power to grant or prohibit absolutely implies the validity of any condition in the grant or prohibition.

The terms of the contract of the city of Portsmouth with the water companies by which it is served do not appear. That contract may be so advantageous to the city of Portsmouth that to allow the city of Norfolk to compete with the water companies serving the city of Portsmouth would impair their efficiency, and thus their ability to serve the city of Portsmouth and its inhabitants. Many other conditions may be thought of making it entirely reasonable that the Legislature, in the public interests, should allow the city of Norfolk to furnish water to the territory which the Legislature regarded contiguous to it, in connection with its service to its new docks, without condition, and to forbid it altogether to extend its mains into the territory on the Portsmouth side of Elizabeth river, or to put such burdens upon it as would tend to prevent its entrance upon the territory contiguous to Portsmouth.

Affirmed.