BERTHA SCHMELZER, Appellant, v. KANSAS CITY and THOMAS F. NORTON et al.

In Banc, September 6, 1922.

1. **PARTIES TO ACTION: Service: Due Process: Improving Street: Benefit District: By Suit in Court: Injunction: Res Adjudicata.** Under the charter of Kansas City the cost of improving a thoroughfare, which crosses numerous other streets which are to be brought to its proposed grade, in order that all may be made to correlate with an extensive viaduct, may be levied in proportion to benefits in a district to be defined by ordinance, and the benefit district is valid where, after the ordinance establishing it has been enacted, the city in its own name, in pursuance of charter provisions, files a petition in the circuit court setting up the provisions of the ordinance and containing a prayer that the court find and determine the validity of said ordinance and whether the respective tracts within the benefit district shall be charged with a lien for said improvement in the manner provided in the ordinance, and the court adjudges it to be valid; and the naming in the petition of the thousands of property owners in the benefit district

is not essential under any constitutional provision, if the order of publication is directed "to all to whom it may concern" in accordance with the charter requirements relating thereto; and a property owner, who thus had an opportunity to be heard but did not avail himself of it, cannot enjoin said improvement on the ground that the benefit district is unreasonable, arbitrary and oppressive in that her land at a great distance from the proposed improvement will be assessed at the same rate as land abutting on the thoroughfare.

2. **BENEFIT ASSESSMENTS: By Court.** The creation of a benefit district for a public improvement in a city and the assessment of benefits against the several tracts of property therein are almost exclusively legislative matters; but a proceeding in court is one of the recognized methods of assessing benefits, and a city charter may provide that the circuit court be constituted a part of the machinery for assessing benefits, in order that property owners may have opportunity to be heard.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

AFFIRMED.

*Maurice J. O'Sullivan* for appellant; *J. F. O'Sullivan* of counsel.

(1) The benefit district sought to be established by the ordinance is unreasonable, arbitrary, confiscatory and oppressive, in that the land of plaintiff and others at a great distance from the proposed improvement will be assessed at the same rate, according to valuation of the property, as the land abutting on the improvement. To create and enforce such a lien against plaintiff's property is to take her property without due process of law, in violation of Section 30, Article 2, Constitution of Missouri, and of the Fourteenth Amendment, Constitution of the United States. Gast Realty Co. v. Schneider Granite Co., 240 U. S. 58; Thomas v. Gain, 35 Mich. 162; Stuart v. Palmer, 74 N. Y. 188, 193; Norwood v. Baker, 172 U. S. 269, 279; City of Independence v. Gates, 110 Mo. 374, 382; Cooley on Taxation (3 Ed.) p. 419; Dietz

v. City of Neenah, 91 Wis. 422; Zehnder v. Barber Asphalt Pav. Co., 106 Fed. 103; Corcoran v. Cambridge, 199 Mass. 5; Barnes v. Dyer, 56 Vt. 469; Charles v. City of Marion, 100 Fed. 542; People v. Salem, 20 Mich. 452, 474; Benshoof v. City of Iowa, 175 Iowa, 30; City of Spokane v. Fonnell, 135 Pac. (Wash.) 211; Abernathy v. Fidelity Nat. Bank & Tr. Co., 274 Fed. 801; Commerce Trust Co. v. Blakely, 274 Mo. 52. The tax assessed against plaintiff's property will exceed the special benefits, and the levy will therefore be taking her property without due process of law. McCormack v. Patchin, 53 Mo. 33; In re Washington Avenue, 69 Pa. St. 352; Hammett v. Philadelphia, 65 Pa. St. 146; State v. Newark, 37 N. J. 412; Fahenstock v. City of Peoria, 171 Ill. 454; Iowa Pipe & Tile Co. v. Callahan, 125 Iowa, 358; Bidwell v. Huff, 103 Fed. 363; Martin v. District of Columbia, 205 U. S. 135; Pomeroy v. Board of Public Waterworks, 136 Pac. (Colo.) 78. (2) The proceeding brought to determine the validity of the ordinance is void, and is not binding on any owner in the district. (a) The "proceeding" was not brought in the manner required by the charter, in that it was not brought "in the name of the city, against the respective owners of land chargeable under the provisions of this section, with the cost of the work," as provided by Sec. 28, Art. 8, p. 352, City Charter, and the proceeding is therefore void. Crane v. French, 50 Mo. App. 367; Noll v. Morgan, 82 Mo. App. 112; Smith v. Westport, 105 Mo. App. 221; Lynch v. Union Trust Co., 164 Fed. 161; Eidenman v. Martinez, 184 U. S. 578; City of Tarkio v. Clark, 186 Mo. 299; Independence v. Gates, 110 Mo. 374; Leach v. Cargill, 60 Mo. 316; Lyon v. Alley, 130 U. S. 177; 2 Cooley on Taxation (3 Ed.) p. 1252. (b) The "proceeding" was not an action *in rem.* Freeman v. Alderson, 119 U. S. 185; Pennoyer v. Neff, 95 U. S. 714; The Brig Ann., 9 Cranch. 290; The Rio Grande, 23 Wall. 258; Dulin v. McGraw, 39 W. Va. 721; Rose v. Himely, 2 Cranch. 269. (c) The charter provision (Sec. 28, Art. 8), purporting to au-

thorize the "proceeding," is unconstitutional and void. Because, first, it attempts to take property without due process of law, in violation of the Fourteenth Amendment, and Sec. 30, Art. II, Constitution of Missouri, because it attempts to provide for the fixing of liability of land within the district to assessment under said ordinance, before the cost of the work is determined, and before any definite charge can be fixed against the property; and second, because it purports to authorize a declaratory judgment, where no judicial controversy is involved, when such judgments are not authorized by the Constitution of Missouri. Tregea v. Irrigation District, 164 U. S. 179; Muskrat v. United States, 219 U. S. 346; Lord v. Veazie, 49 U. S. 251; Lewis v. Peck, 154 Fed. 273; Railway Co. v. Wellman, 143 U. S. 339; Mining Co. v. Mining Co., 145 U. S. 300; Pelham v. Rose, 9 Wall. 103, 19 L. Ed. 602; State ex rel. v. Westport, 135 Mo. 120, 133; McGlue v. Essex County Commissioners, 225 Mass. 59; People v. Pratt, 31 Cal. 223; Livingston v. D'Orgenay, 108 Fed. 469; Blake v. Askew, 76 N. C. 325; Port Gibson Bank v. Dixon, 12 Miss. 689; Berks County v. Jones, 21 Pa. St. 413; Anway v. Grand Rapids Railway Company, 211 Mich. 592; State ex rel. v. Imel, 243 Mo. 177, 189; Leahy v. Campbell, 247 Mo. 357; Kalbfell v. Wood, 193 Mo. 675, 689; Blair v. Bank, 8 Mo. 313. (3) The contract between defendants is void, on account of the unreasonable excess of the contract cost, over the estimated cost. City of DeSoto v. Showman, 100 Mo. App. 323. (4) The contract between defendants is void, on account of the unlawful delegation of discretion to the City Engineer, and the Board of Public Works, to determine the necessity for a portion of the work. Bolton v. Gilleran, 105 Cal. 244, 247; Foss v. City of Chicago, 56 Ill. 359; Cal. Imp. Co. v. Reynolds, 123 Cal. 88; St. Louis to use v. Clements, 43 Mo. 403, 52 Mo. 139; Richardson v. Heydenfelt, 46 Cal. 68.

*E. M. Harber, J. C. Petherbridge, Cooper, Neel & Wright* and *Clarence S. Palmer* for respondents.

(1) Our State Constitution and enabling acts passed in pursuance thereof, have conferred upon Kansas City the right and power to adopt a charter for its own local government, including local taxation. Sec. 16, Art. IX, Mo. Constitution; Secs. 8854, 8855, R. S. 1919. This power has been construed and upheld in many cases decided by this court, among which are the following: State ex rel. v. Seehorn, 246 Mo. 541; Morrow v. Kansas City, 186 Mo. 675; Stanton v. Thompson, 234 Mo. 7; Corrigan v. Kansas City, 211 Mo. 608; Heman v. Allen, 156 Mo. 534, 543, affirmed in French v. Barber Asphalt Pav. Co., 181 U. S. 324. (2) Whether the appellant's land will be benefited by the proposed local improvement and the reasonableness of the taxing district, for that purpose, under the Kansas City charter, are legislative questions for the municipality to determine and its action thereon is conclusive, and not subject to review by the courts in the absence of fraud or gross abuse of authority, and none is charged here. West v. Burke, 228 S. W. (Mo.) 775; Prior v. Construction Co., 170 Mo. 439, 451; Heman v. Schulte, 166 Mo. 409; L. & N. R. R. Co. v. Barber Asphalt Co., 197 U. S. 430; Barber Asphalt Paving Co. v. French, 158 Mo. 534; Johnson v. Duer, 115 Mo. 366; McGhee v. Walsh, 249 Mo. 266, 283; Land & Improvement Co. v. St. Louis, 257 Mo. 291, 301; Houck v. Little River District, 239 U. S. 254, 264; Wagner v. Baltimore, 239 U. S. 207, 217; French v. Barber Asphalt Paving Co., 181 U. S. 325; Goodrich v. Detroit, 184 U. S. 432. (3) There are four recognized and approved methods of making assessments for local improvements, to-wit: Assessment rule by jury commissioners, area rule, front foot rule and valuation rule, Kansas City charter, Articles VI, VII, VIII, XIII; West v. Burke, 228 S. W. (Mo.) 775; Barber Asphalt Co. v. French, 158 Mo. 534; Heman v. Allen, 156 Mo. 534; Meier v. St. Louis, 180 Mo. 391; Webster v. Fargo, 181 U. S. 394; French v. Barber Asphalt Paving Co., 181 U. S. 334. (4) Section 28 of Article VIII of the Kansas City Char-

ter (1908), authorizing the Common Council to provide, by ordinance, for an enlarged taxing district to pay the cost of grading streets extending through a hilly, rocky, rugged section of the city, is not unconstitutional and void; on the other hand, it is a wise, beneficial, legal and just charter provision adopted by the people of Kansas City to meet otherwise insurmountable difficulties encountered in grading streets extending through such sections of the city, and is such as the city has power to adopt. Sec. 16, Art. 9, Mo. Constitution; Secs. 8854, 8855, R. S. 1919. State ex rel. v. Seehorn, 246 Mo. 541; Morrow v. Kansas City, 186 Mo. 675; Stanton v. Thompson, 234 Mo. 7; Corrigan v. Kansas City, 211 Mo. 608; Sec. 28, Art. 8, K. C. Charter (1908); Sec. 5, pars. a, b, c, d, of Ordinance. (5) Service by publication in proceedings like this, under the Kansas City charter, is sufficient and legal. Kansas City v. Duncan, 135 Mo. 571; Kansas City v. Ward, 134 Mo. 172; Kansas City v. Mastin, 169 Mo. 80; State ex rel. v. Wilson, 216 Mo. 215; State v. Blair, 245 Mo. 680; Lent v. Tillison, 140 U. S. 316. (6) The circuit court proceedings to determine the validity of the ordinance and the proposed tax lien, were regular and in due form, as required by the Kansas City charter. Sec. 28, Art. 8, Charter (1908); Sec. 11, Art. 13, Charter (1908). (7) The caption or title of a law suit or proceeding, is unnecessary, and in no way affects the validity of the proceedings. State v. Patton, 42 Mo. 530; Beattie v. Lett, 28 Mo. 596; Livingston v. Coe, 4 Nebr. 379. Omission of the caption does not go to the jurisdiction of the court, does not destroy the judgment, and cannot be taken advantage of in a collateral proceeding. Ammerman v. Crosby, 26 Ind. 451; Smith v. Watson, 28 Ia. 218. Not necessary to name parties. Kansas City v. St. Louis & K. C. Land Co., 260 Mo. 395, 409. (8) All questions raised, or which could have been raised, in the circuit court proceedings, and which are raised here, are now *res judicata*. Kansas City v. Smith, 238 Mo. 323; Kansas City v. Marsh Oil Co., 140 Mo. 458;

Embree v. K. C. & Liberty Boulevard Rd. Dist., 240 U. S. 242; St. Louis v. United Rys., 263 Mo. 387; Spratt v. Early, 199 Mo. 491; Sibbett v. Steele, 240 Mo. 85; Little River Drainage Dist. v. Railroad, 236 Mo. 94; In re Birmingham Drainage Dist., 266 Mo. 60. The proceeding in the circuit court to determine the validity of the ordinance and the proposed tax lien, was not a moot case. Adams v. Union Ry. Co., 42 Atl. 515. (9) The proceeding was one *in rem,* and conclusive against the world. Gibler v. Mattoon, 167 Ill. 18; People v. Linda Vista Irrigation Dist., 128 Cal. 477; Rialto Irrigation Dist. v. Brandon, 103 Cal. 384; In re Union Ry. Co., 112 N. Y. 61; Gelston v. Hoyt, 3 Wheat. 246; Meriwether v. Block, 31 Mo. App. 170; First Nat. Bank v. McCaskill, 174 N. C. 362; Christianson v. King County, 239 U. S. 356. (10) It was not necessary or practical to combine all the work of grading the different streets in one and the same contract at the same time, and the contract is not void for that reason. McGhee v. Walsh, 249 Mo. 266, 284. (11) There was no delegation of discretion to the City Engineer and Board of Public Works which is prohibited by law. The delegation to omit a portion of the work if they deemed the same not necessary, when facts arose in the prosecution of the work which would justify such omission, could not hurt the appellant, but was in her favor, and is permissible under the law and the Kansas City charter. Sec. 13, Art. 8, Kansas City Charter (1908); Steffen v. Fox, 124 Mo. 630; Porter v. Boyd Pav. & Const. Co., 214 Mo. 1; Sedalia v. Smith, 206 Mo. 346, 365; St. Joseph to use v. Owen, 110 Mo. 445, 455.

JAMES T. BLAIR, C. J.—This is a suit to enjoin the further prosecution of the work of grading Twenty-third Street in Kansas City and the paying of the expense thereof by tax bills issued against property in a designated district. The suit was brought by appel-

lant. She owns a lot in the benefit district. This appeal is from a judgment rendered after the trial court had sustained a demurrer to the petition and appellant had refused to plead further.

The petition sets out the steps taken by the Board of Public Works, the Council and the several authorities which function under the charter in the matter of improvements of the kind in question. The resolution, ordinance and court proceedings are set forth in full, as are all the steps taken in the matter. These need not be herein set out in that way, since the questions raised do not require it.

Twenty-third Street leads through the southern part of the business portion of Kansas City, and at its western end proceeds along a viaduct which has been constructed at an expense of several hundred thousand dollars, and which is continued westward by a like structure erected at like great expense by the city of Kansas City, Kansas. The viaduct crosses the West Bottoms and unites the business sections of these two important cities. The contemplated improvement of Twenty-third Street is designed to make this roadway accessible from the east, and other improvements are intended to bring the streets which cross Twenty-third to such a level that they will cross this thoroughfare at grade. The benefit district over which it is proposed to spread the cost of the improvement of Twenty-third Street extends eastward from the State line about three miles, and is about one mile wide. The total value of the property in this district exceeds twenty-five million dollars. The cost of the proposed improvement will be about three hundred. and forty-five thousand dollars, which may be diminished if certain retaining walls are found to be unnecessary. Thirty thousand dollar's worth of work has already been done by the contractors, who are parties defendant with the city in this suit.

It is alleged that appellant's lot is over three miles from the State line, but it does not appear from the

petition how far it lies away from Twenty-third Street, nor from the improvement. Appellant contends (1) that the benefit district sought to be established is "unreasonable, arbitrary and oppressive, in that the land" of appellant and others "at great distance from the proposed improvement will be assessed at the same rate as land abutting on the improvement;" that to create and enforce such a lien is to violate Section 30 of Article II of the Constitution of Missouri, and the Fourteenth Amendment to the Constitution of the United States; that (2) the tax assessed against appellant's property will exceed the benefits and thereby constitutes a taking without due process of law; that (3) the suit or proceeding brought to determine the validity of the ordinance is void because it (a) was not brought as required by the charter and (b) was not an action *in rem;* and further, because the proceeding is unconstitutional in several particulars and is, in effect, a mere unauthorized declaratory judgment; that (4) the contract between the city and the contractors is void because (a) it covers only a part of the work contemplated by the ordinance, (b) there is an unreasonable excess of contract cost over estimated cost and (c) because an arbitrary discretion to determine whether part of the work is to be done is vested in the City Engineer and the Board of Public Works.

I.    Section 28 of Article VIII of the Charter of Kansas City provides that the cost of an improvement like that of Twenty-third Street in question in this case may be levied in proportion to benefits in a district to be defined by ordinance applying to the particular case, and is excepted from the provision of Section 3 of Article VIII, in so far as determining the benefit district is concerned. It is not denied that this improvement falls within the class defined by Section 28 of Article VIII. It is denied that the benefit district established by ordinance is valid. Section 28 of Article VIII contains the following: "The public work described above

shall be provided for by ordinance, and the city may provide that after the passage of the ordinance and after an approximate estimate of the cost of the work shall have been made by the Board of Public Works, the city shall file a proceeding in the Circuit Court of Jackson County, Missouri, in the name of the city against the respective owners of land chargeable under the provisions of this section with the cost of such work. In such proceeding the city shall allege the passage and approval of the ordinance providing for the work and the approximate estimate of the cost of said work; and shall define and set forth the limits of the benefit district, prescribed by the ordinance, within which it is proposed to assess property for the payment of said work. The prayer of the petition shall be that the court find and determine the validity of said ordinance, and the question of whether or not the respective tracts of land within said benefit district shall be charged with the lien of said work in the manner provided by said ordinance.'' It is further provided that service of process in such proceeding ''shall be governed by the provisions of Section 11 of Article XIII of the charter, relating to service of notice and summons in proceedings for the ascertainment of benefits and damages for the condemnation of lands for parks and boulevards . . .'' Under Section 11 of Article XIII, notice by publication is authorized and service by summons is required only when the court shall make an order to that effect. No such order was made in this case. The ordinance provided that a proceeding under Section 28 should be begun and prosecuted. This was done.

    The first contention, in this connection, is that ''the action was not brought in the name of the city against the respective owners of land chargeable . . . with the cost of the work.'' The style or title of the case as it appeared in the petition filed is: ''In the Circuit Court of Jackson County, Missouri, at Kansas City, November Term, 1916. In the Matter of Determining the Validity

of Ordinance of Kansas City, Missouri, No. 28181, approved November 4, 1916, and of the proposed tax lien thereunder for the cost of grading Twenty-third Street, as widened from New Brook Street to the east line of Jefferson Street." The petition begins: "Now comes Kansas City, Mo., by," etc. Then follow allegations of the various steps taken toward the making of the improvement and a detailed description of the benefit district. The owners of the property therein are not named in the petition. The order of publication was directed "to all whom it may concern," as it is specifically provided shall be done by Section 11 of Article XIII, according to the provisions of which service is required to be made in such a proceeding unless otherwise ordered by the court. The case is brought in the name of the city. The petition specifically so states. The naming of the thousands of property owners in the district (said to be about seventeen thousand) was not essential under any constitutional provision. "Up to this time, notice to property owners generally in the described benefit dis·trict and defining the district, as here,. has been sufficient to bring in interested parties. It was sufficient in this instance." [Kansas City v. St. Louis & K. C. Land Co.; 260 Mo. l. c. 418, 241 U. S. 419.] The charter might possibly give some basis for a view that such names were required to be set out in the proceeding, if it is to be construed without reference to the principle just quoted. With the principle in mind, however, and the express language of Section 11 of Article XIII given its plain effect, it is clear that such an apparently impossible task was not intended to be laid upon the city.

II. It is argued that the special proceeding looks merely to a "declaratory judgment," and is therefore void under our law. The fact is that a proceeding in court is one of the recognized methods of assessing benefits. [West v. Burke, 286 Mo. 368, and cases cited.] That a proceeding in a court or before some other validly ordained tribunal may be made a part of the machinery

for assessing benefits and that property owners may thereby be permitted to be heard on this otherwise almost exclusively legislative question is too well established to require further discussion or citation of authorities.

III. The remaining questions of consequence are such as should have been raised in the proceeding in the circuit court. They were raised and litigated by many of the property owners. Appellant had her opportunity to litigate these questions. She was in court. She allowed the judgment to go without appearance or appeal. She is now bound by it.

The judgment in this case is affirmed. *Graves, Higbee, David E. Blair, Elder* and *Walker, JJ.*, concur.