BOTANICO-MEDICAL COLLEGE OF MEMPHIS v. SAMUEL ATCHINSON *et al.*

1. COMITY BETWEEN STATES: CONSTRUCTION OF STATUTES.—The construction of a statute by the courts of the State whose legislature enacted it, will be adopted by the courts of this State.
2. CONTRACTS: CONSIDERATION: AGREEMENTS UNDER SEAL: AGREEMENT TO PAY MONEY IN CONSIDERATION OF STOCK IN AN INCORPORATED COMPANY.—A written agreement under seal imports a consideration. The purchase of shares in an incorporated company is a sufficient consideration to sustain a promise to pay a certain sum of money therefor.

ERROR to the Circuit Court of Carroll county.    Hon. William Cothran, judge.

The written agreement sued on, after reciting that the trustees of the Botanico-Medical College of Memphis had provided by resolution for the formation of a joint-stock company for sundry purposes connected with the objects of the institution, proceeds as follows : " I, the subscriber hereunto, do hereby contract for and purchase of the said Botanico-Medical College of Memphis ten shares of twenty-five dollars each, amounting in the aggregate to the sum of two hundred and fifty dollars, to be paid in four instalments, etc.; and provided that said shares shall be receivable at par value by the faculty of said college in payment for tickets to any of the regular courses of lectures therein.". Signed by Samuel Atchinson, 10th May, 1855, and under seal.

*F. W. Keyes,* for plaintiffs in error, contended :

1. That the college had the power to form the joint-stock company to which the defendant became a subscriber, and cited in support of the position : 1 Parsons on Cont. 120 ; *Union Bank* v. *Jacobs,* 6 Humph. 521 ; *Lusk* v. *Lewis,* 32 Miss. R. 302 ; 4 Wheat. 413 ; 3 Grattan, 215 ; 9 Paige's Ch. 470 ; 2 Hill, 265 ; 4 Ib. 263 ; Angell & Ames on Corp. § 271 ; 35 Miss. 618; 13 S. & M. 411 ; 7 How. Miss. 530.

2. That the Supreme Court of Tennessee had settled the ques-

tion as to the power of the corporation to make this contract, and that decision is binding upon the courts of this State. *McIntyre* v. *Ingraham*, 35 Miss. 26.

*J. Z. George*, for defendants in error, contended:

1. That the corporation had no power to create the joint-stock company. The power is not conferred by the charter, nor is it a necessary incident to any power conferred.

That the powers of a corporation are to be construed strictly.

2. That the contract is without consideration. That a consideration for a promise must be either something done by the promisee contemporaneously with the promise, or a promise by the promisee to do something in future. The consideration here, if any, is of the latter class. But there is no promise by the college; they do not sign the contract.

But if the taking of the contract be assumed as an agreement to comply with the stipulations therein, then it is not binding for two reasons. 1. No power conferred to make such a contract. 2. The agreement to receive the stock for tuition is void by the Statute of Frauds. The contract is not to be performed until after three years from its date.

HARRIS, J., delivered the opinion of the court.

Plaintiff in error commenced this action in the Circuit Court of Carroll county, to recover an amount agreed to be paid by defendants' testator for ten shares in the Botanico-Medical College of Memphis, joint-stock company, a copy of which agreement, under the hand and seal of the defendants' testator, is filed with the complaint, as exhibit A, and made a part thereof.

The defendants plead, first, a general denial of every allegation in plaintiff's declaration, concluding to the country.

2d. That plaintiff had no power by its charter to make the contract sued on, and that the same is void.

3d. That the contract sued on is without consideration, and voluntary.

The cause was submitted to the court, and a jury trial waived, and the record recites, that " after argument, the court deter-

mined, that the contract sued on in this action is not valid under the charter of plaintiff. It is therefore ordered that the defendant go hence," etc.

From this judgment the plaintiff prosecutes this writ of error.

The record shows an agreement between the parties, " that the issue presented by the pleadings was submitted to the court under the statute Rev. Code, art. 167, p. 505, providing for trial of issues in causes by the court, and that to the ruling of the court as to the questions of law ·presented by the issue, the plaintiff by its attorney excepted, at the time of said ruling; that no evidence was adduced upon the trial of said cause, except the statute of Tennessee incorporating the plaintiff, and therefore the defendant by his counsel waives any objection to the want of a bill of exceptions, and consents that the cause may be revised on its merits by the high court."

Under this agreement, the only question to be decided is, whether the judgment of the court below, " that the contract sued on in this action is not a valid contract under the charter of the said plaintiff," is erroneous, as is here contended.

On this point we are referred to a decision of the Supreme Court of Tennessee, in the case of the *Botanico-Medical College of Memphis* v. *William A. Wood,* plaintiff in error. We are only furnished with a certified copy of the opinion of the court, from which it does not distinctly appear that the contract sued on there was one of the same character as that upon which this action is founded. Nor does it appear what was the precise point before the Supreme Court of Tennessee. The opinion is very brief, and, so far as we are enabled to understand it in the absence of a full transcript of the record, would seem to decide that the contract sued on is for a lawful purpose within the powers conferred by its charter upon the company; and if it be admitted that this decision was made upon one of these contracts, upon familiar principles, the decision of that court, as to the powers conferred by the statute of Tennessee chartering this institution, would be adopted in all other jurisdictions.

Independently, however, of this decision, we are satisfied from an examination of the provisions of this charter, that they are

full and ample, and authorize the company "to do all things necessary in their judgment" for the prosperity and well-being of said college, not inconsistent with the laws of the State," or of the United States.

We see nothing in the contract, or in the objects sought to be accomplished by it, inconsistent with the charter. The institution was established "for the instruction of young men in the various departments of medical science." A library, museum, anatomical cabinet, chemical and philosophical apparatus, as well as a hospital department, would seem to be not only convenient and suitable, but "necessary," in the strictest sense, "for the *proper* instruction of young men in the various departments of medical science."

The position assumed by counsel for the defendant in error, that the contract sued on is without consideration, is not supported by anything appearing in this record.

The contract on its face, is not only under seal, and importing therefore a consideration, but it expresses in terms a consideration, valuable in law, so far as this court can know from the evidence in this record. The obligation of defendants purports to be given, in consideration of the purchase by defendants in error, of ten shares of twenty-five dollars each, of the stock of said joint-stock company.

The defendants attempt to impeach the consideration here expressed, by plea, as they may do in actions founded on any sealed instrument under our statute. Rev. Code, p. 494, art. 102. But in the absence of any other evidence than the contract itself, we cannot say that it is without consideration. Nor could the court below so determine without other proof.

Proceeding to adjudicate the cause on its merits, according to the agreement of counsel : The judgment of the court below will be reversed, and this court, rendering such judgment as the court below should have rendered, orders judgment to be entered here for the amount of the debt, damages and costs, in favor of plaintiff below.