# TURNER *v.* WILKES COUNTY COMMISSIONERS.

173' 461
L-ed 768
177 ⁄ 585

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 642.   Submitted February 20, 1899. — Decided March 20, 1899.

On a writ of error to a state court this court cannot take jurisdiction under the allegation that a contract has been impaired by a decision of that court, when it appears that the state court has done nothing more than construe its own constitution and statutes existing at the time when the bonds were issued, there being no subsequent legislation touching the subject.

This court is bound by the decision of a state court in regard to the meaning of the constitution and laws of its own State, and its decision upon such a state of facts raises no Federal question; though other principles obtain when the writ of error is to a Federal court.

THIS was a motion to dismiss.   The case is stated in the opinion.

*Mr. A. C. Avery* for the motion.

*Mr. Richard N. Hackett* opposing.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This action was commenced in the superior court of Wilkes County in the State of North Carolina, by the Board of Commissioners of Wilkes County and C. C. Wright, against Clarence Call.   Mr. Wright was a taxpayer of the county, while the defendant Call was its treasurer.   The action was brought to test the validity of certain bonds issued by the county of Wilkes in payment of its subscription to the stock of the Northwestern North Carolina Railroad Company.

The defendants Turner and Wellborn were the owners of some of the bonds, and after the bringing of this action they were, on their own motion, brought in as parties defendant, and, they invited all other bondholders to come in and join them in resisting the action.

It was claimed by the holders of the bonds that authority for their issue existed under an ordinance chartering the Northwestern North Carolina Railroad Company, which ordinance was adopted by the constitutional convention of North Carolina, March 9, 1868, the constitution being itself ratified April 25, 1868. It was also insisted that the bonds were authorized under sections 1996 to 2000 of the code of North Carolina, as enacted in 1869, and subsequently ratified in 1883; also that the charter of the railroad company, as amended in 1879, and again in 1881, authorized the issuing of the bonds. The bonds were in fact issued in 1890, and therefore subsequent to all the legislation above referred to. The bonds recited on their face that they were issued under the act of 1879.

As grounds for their contention that the bonds were invalid, the plaintiffs below asserted that neither the above mentioned act of 1879, nor the amended act of 1881, had been constitutionally passed; that the bonds were not issued under the ordinance adopted by the constitutional convention; and that by the doctrine of estoppel the bondholders could not claim that the bonds were issued under such ordinance or by virtue of any other authority than that recited on their face, viz., the act of 1879.

The Supreme Court of the State held that the bonds were void because the acts under which they were issued were not valid laws, not having been passed in the manner directed by the constitution. The court further held that the bonds were not authorized by the above sections of the code, and that as they purported, by recitals on their face, to have been issued under the act of 1879, the bondholders were estopped from setting up any other authority for their issue, such as the ordinance of the constitutional convention above mentioned.

The bondholders have brought the case here, claiming that by the decision below their contract has been impaired, because, as they allege, the Supreme Court of the State had decided before these bonds were issued that the acts under which they were issued were valid laws and authorized their issue, and that in holding the contrary after the issue of these bonds the state court had impaired the obligation of the contract,

and its decision raised a Federal question proper for review by this court.

But in this case we have no power to examine the correctness of the decision of the Supreme Court of North Carolina, because, this being a writ of error to a state court, we cannot take jurisdiction under the allegation that a contract has been impaired by a decision of that court, when it appears that the state court has done nothing more than construe its own constitution and statutes existing at the time when the bonds were issued, there being no subsequent legislation touching the subject. We are therefore bound by the decision of the state court in regard to the meaning of the constitution and laws of its own State, and its decision upon such a state of facts raises no Federal question. Other principles obtain when the writ of error is to a Federal court.

The difference in the jurisdiction of this court upon writs of error to a state as distinguished from a Federal court, in questions claimed to arise out of the contract clause of the constitution, is set forth in the opinion of the court in *Central Land Company* v. *Laidley*, 159 U. S. 103, and from the opinion in that case the following extract is taken (p. 111) :

" The distinction, as to the authority of this court, between writs of error to a court of the United States and writs of error to the highest court of a State, is well illustrated by two of the earliest cases relating to municipal bonds, in both of which the opinion was delivered by Mr. Justice Swayne, and in each of which the question presented was whether the constitution of the State of Iowa permitted the legislature to authorize municipal corporations to issue bonds in aid of the construction of a railroad. The Supreme Court of the State, by decisions made before the bonds in question were issued, had held that it did ; but, by decisions made after they had been issued, held that it did not. A judgment of the District Court of the United States for the District of Iowa, following the later decisions of the state court, was reviewed on the merits and reversed by this court, for misconstruction of the constitution of Iowa. *Gelpcke* v. *Dubuque*, 1 Wall. 175, 206. But a writ of error to review one of those decisions of

the Supreme Court of Iowa was dismissed for want of jurisdiction, because, admitting the constitution of the State to be a law of the State, within the meaning of the provision of the Constitution of the United States forbidding a State to pass any law impairing the obligation of contracts, the only question was of its construction by the state court. *Railroad Co. v. McClure,* 10 Wall. 511, 515."

An example of the jurisdiction exercised by this court when reviewing a decision of a Federal court with regard to the same contract clause is found in the same volume. *Folsom v. Ninety-six,* 159 U. S. 611, 625.

This case is governed by the principles laid down in *Central Land Company v. Laidley, supra,* and the writ of error must, therefore, be

*Dismissed.*