# WILLOUGHBY *v.* CITY OF CHICAGO.

## ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 66.   Motion to dismiss submitted November 6, 1914.—Decided
November 16, 1914.

Where the constitutional question is obvious from the beginning and
is not open in the Supreme Court of the State unless taken on the
trial, it cannot be considered here unless it was so taken. *Hulbert
v. Chicago,* 202 U. S. 275.

Where an assessment could have been levied for a past improvement
against the original owners, purchasers take subject to the same
liability, and such an assessment does not deprive them of their prop-
erty without due process of law. *Seattle v. Kelleher,* 195 U. S. 351.

Whether a particular assessment could have been levied for past im-
provements if the property had not been sold depends upon the
construction of state statutes, as to which this court follows the
decisions of the state courts.

The overruling of its earlier decisions by the state court does not
amount to deprivation of property without due process of law where
no vested rights are interfered with. *Muhlker v. Harlem R. R. Co.,*
197 U. S. 544, distinguished.

On writ of error based on the claim that there was no power to make
the assessment, this court cannot inquire into the facts as found by
the state court in regard to value of the land taken for, and the ex-
tent of the benefit conferred by, the improvement for which the
land has been assessed.

Writ of error to review 249 Illinois, 249, dismissed.

THE facts, which involve the jurisdiction of this court
under § 237, Judicial Code, to review a judgment of the
state court confirming a street widening assessment,
are stated in the opinion.

*Mr. William H. Sexton, Mr. Philip J. McKenna* and
*Mr. Howard F. Bishop* for defendant in error in support
of the motion:

Special assessments are local matters. *Spencer* v. *Merchant,* 125 U. S. 345; Cooley, Taxation, 3d ed., p. 68.

This court does not interfere with revenue laws of the State. *French* v. *Barber Asphalt Co.,* 181 U. S. 324; *Witherspoon* v. *Duncan,* 4 Wall. 210, 217; *Williams* v. *Albany,* 122 U. S. 154, 164; *Shaefer* v. *Werling,* 188 U. S. 516, 517.

A special assessment is a species of taxation. *French* v. *Barber Asphalt Co.,* 181 U. S. 324, 343; *C. & A. R. R. Co.* v. *Joliet,* 153 Illinois, 649; *Adams County* v. *Quincy,* 130 Illinois, 566.

Special assessment proceedings are reviewed in this court only in exceptional cases. *Lombard* v. *West Chicago,* 181 U. S. 33; *Spencer* v. *Merchant,* 125 U. S. 345; Cooley, Taxation, 3d ed., p. 55; *Davidson* v. *New Orleans,* 96 U. S. 97; *Seattle* v. *Kelleher,* 195 U. S. 351, 359; Cooley, Taxation, 3d ed., p. 1280; *Williams* v. *Albany,* 122 U. S. 154.

The decision of the state court on question of fact is conclusive. *Spencer* v. *Merchant, supra; Building & Loan Ass'n* v. *Ebaugh,* 185 U. S. 114, 121; *Egan* v. *Hart,* 165 U. S. 188; *West. Un. Tel. Co.* v. *Call Publishing Co.,* 181 U. S. 92, 103; *Bement* v. *National Harrow Co.,* 186 U. S. 83.

This court accepts the conclusion of the state court as to the proper construction of a state statute. *Baltimore Traction Co.* v. *Baltimore Belt R. R. Co.,* 151 U. S. 137; *Green* v. *Neal,* 6 Pet. 291; *Davie* v. *Briggs,* 97 U. S. 628; *Louisville &c. Ry.* v. *Mississippi,* 133 U. S. 587, 590; *Chicago* v. *Mecartney,* 216 Illinois, 377; *In re Converse,* 137 U. S. 624, 631; *Turner* v. *Wilkes County,* 173 U. S. 461.

A change of view by the state court does not raise a Federal question under the contract clause of the Federal Constitution. *Mobile Transportation Co.* v. *Mobile,* 187 U. S. 479; *Knox* v. *Exchange Bank,* 12 Wall. 379, 383; *St. Paul &c. Ry.* v. *Todd. Co.,* 142 U. S. 282, 286; *New Orleans Water Co.* v. *Louisiana Sugar Refining Co.,* 125

U. S. 18, 30; *Railroad Co.* v. *Rock,* 4 Wall. 177, 181; *Bacon* v. *Texas,* 163 U. S. 207, 220; *Winona & St. Peter R. R.* v. *Plainview,* 143 U. S. 371, 393.

Plaintiffs in error have not been deprived of their property without due process of law. *Allen* v. *Georgia,* 166 U. S. 138; *McQuade* v. *Trenton,* 172 U. S. 636, 639; *Kelly* v. *Pittsburgh,* 104 U. S. 78; *Central Land Co.* v. *Laidley,* 159 U. S. 103, 112.

No Federal question was decided by the Illinois Supreme Court, nor was any Federal question necessary to its decision. Therefore, the writ should be dismissed. *Marrow* v. *Brinkley,* 129 U. S. 178; *McQuade* v. *Trenton,* 172 U. S. 636; *Harrison* v. *Morton,* 171 U. S. 38; *Bacon* v. *Texas,* 163 U. S. 207; *Kreiger* v. *Shelby R. R. Co.,* 125 U. S. 39; *Desaussure* v. *Gaillard,* 127 U. S. 216; *Hale* v. *Akers,* 132 U. S. 554; *Hopkins* v. *McLure,* 133 U. S. 380, 386; *Eustis* v. *Bolles,* 150 U. S. 361; *Beauprè* v. *Noyes,* 138 U. S. 397, 401; *Rutland R. R.* v. *Central Vermont R. R.,* 159 U. S. 630; *Gillis* v. *Stinchfield,* 159 U. S. 658, 660; *Seneca Indians* v. *Christy,* 162 U. S. 283.

*Mr. Charles R. Holden* for plaintiffs in error in opposition to the motion:

Special assessments are statutory proceedings, and without a statutory warrant no special assessment can be levied, and this applies to new or supplemental assessments. *Chicago* v. *Race,* 256 Illinois, 209.

The special assessment in question, a supplemental one, is without any statutory warrant. Section 53, under which the proceeding was had, did not expressly provide for any supplemental assessment.

A new or supplemental assessment, even if originally warranted under said § 53, which is at least a doubtful question, was barred in five years after July 2, 1908, under the plainly worded statute—so plain as to scarcely bear construction.

If this be considered as a new or reassessment under § 46, the same could not be levied after the confirmation judgment of July 2, 1898. *McChesney* v. *Chicago*, 161 Illinois, 110; *People* v. *McWethy*, 165 Illinois, 222; *Le-Moyne* v. *Chicago*, 175 Illinois, 356; *Rich* v. *Chicago*, 187 Illinois, 396; *City* v. *Nichols*, 192 Illinois, 489; *Doremus* v. *Chicago*, 212 Illinois, 513; *Holden* v. *Chicago*, 212 Illinois, 289; *Chicago* v. *Hulbert*, 205 Illinois, 346, 357; *Chicago* v. *Nodeck*, 202 Illinois, 257, 266; *Noonan* v. *Chicago*, 231 Illinois, 588; *Chicago* v. *Race*, 256 Illinois, 209.

These owners had purchased upon the faith of this long line of uniform and settled rulings of the Supreme Court of Illinois. And hence the judgment here, based upon a square reversal of these rulings is a taking without due process of law. *Muhlker* v. *Harlem R. R.*, 197 U. S. 544; *Great South. Hotel Co.* v. *Jones*, 193 U. S. 532.

The judgment upon its face is pure confiscation of property. The property of plaintiffs in error is taken upon the ground that it is a public necessity, and then they are assessed over $300 more than the awards for the property taken from them.

This is in its essence a taking without due process. *City of Bloomington* v. *Latham*, 142 Illinois, 462; *Norwood* v. *Baker*, 172 U. S. 269.

Mr. Justice Holmes delivered the opinion of the court.

In 1893 a portion of certain land now belonging to the plaintiffs in error was taken by Chicago for the widening of a street, and the damages to the owners were fixed by judgment in due form. Afterwards an assessment for betterments by reason of the change was laid upon certain lands in this neighborhood including the lots in question and was confirmed as to the other land. At the trial with regard to these lots it was contended by the owner and ruled in the lower court that the matter was concluded

by the first judgment. This ruling was reversed by the Supreme Court of the State, *Chicago* v. *Mecartney*, 216 Illinois, 377, but by the failure of the City to file the remanding order within two years the assessment upon these lots failed. In January, 1910, the City passed an ordinance for a new assessment, the object of which was to reach these lots, and a new petition was filed. The Supreme Court of the State held that the validity of the assessment did not depend on the validity of the ordinance; that the petition was warranted by the former proceedings, and that a judgment for the amount should be affirmed. 249 Illinois, 249.

The error assigned is that the property of the plaintiffs in error is taken without due process of law and that the obligation of their contracts is impaired (they having purchased before this supplementary proceeding was begun), contrary to the Fourteenth Amendment and Art. I, § 10 of the Constitution of the United States. There is a motion to dismiss upon which we must dispose of the case. The objection which is urged is that there was no statutory authority for this proceeding and that the assessment was imposed by mere judicial fiat that could not have been anticipated and that was without warrant of law. If there were anything in this objection it was obvious from the beginning and as it was not taken at the trial it was not open in the Supreme Court of the State and could not be considered here. *Hulbert* v. *Chicago*, 202 U. S. 275. It is obvious too that the State could have authorized the proceeding followed here, which ordinarily is the only question to be considered by this court. *Missouri* v. *Dockery*, 191 U. S. 165.

If the assessment could have been levied against the original owners of the land, purchasers took subject to the same liability. *Seattle* v. *Kelleher*, 195 U. S. 351. The question whether it could have been levied if the land had not been sold depended upon the construction of state

statutes, as to which, we follow the decision of the state court. Even if the court had overruled earlier decisions it would have interfered with no vested rights of the plaintiffs in error. *Knox* v. *Exchange Bank*, 12 Wall. 379, 383. *Sauer* v. *New York*, 206 U. S. 536. *Moore-Mansfield Construction Co.* v. *Electrical Installation Co.*, 234 U. S. 619, 626. But it does not appear to have done so, and although its decision may have been unexpected, there was plausible ground for it in the statutes. We go no further, because there is no question before us of the kind that was before the court in *Muhlker* v. *New York & Harlem R. R. Co.*, 197 U. S. 544, and *Tampa Water Works Co.* v. *Tampa*, 199 U. S. 241, 243, and in circumstances like these it is not within our province to inquire whether the construction was right. It is objected that less was allowed for the land taken than was charged for the benefit, but it is quite possible that the benefit was greater than the loss, and we cannot inquire into the fact.

*Writ of error dismissed.*