MARY L. MORRELL *vs.* ALPHONSINE J. LALONDE *et al.*

JULY 1, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Liability Insurance. Actions. Constitutional Law.*

Pub. Laws, 1915, cap. 1268, § 9, providing that "every policy hereafter written insuring against liability for personal injuries—shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. Such injured party . . . in his suit against the insured may join the insurer as a defendant, in which case judgment shall bind either or both the insured and the insurer; or said injured party . . . after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: *Provided, however,*

that payment in whole or in part of such liability by either the insured or the insurer shall to the extent thereof, be a bar to recovery against the other, of the amount so paid," is not obnoxious to Cons. R. I., Art. I, sec. 15. "The right of trial by jury shall remain inviolate," nor to Cons. U. S. Art. XIV of Amendments, Sec. 1, "nor shall any state deprive any person of life, liberty or property without due process of law," nor to Cons. R. I., Art. I, Sec. 10, in that its enforcement will deprive the defendant of its property otherwise than by the law of the land.

TRESPASS ON THE CASE for negligence. Certified under Gen. Laws, cap 298, § 1, on constitutional questions.

SWEENEY, J. This case is before the court for hearing and determination of constitutional questions certified by the Superior Court in accordance with the provisions of Section 1, Chapter 298, Gen. Laws, 1909.

The questions are brought upon the record by demurrer to the declaration.

April 8, 1920, the plaintiff commenced an original action of trespass on the case for negligence by writ issued out of the Superior Court against the defendant Lalonde. After this writ and the declaration were duly entered in court, upon motion of the plaintiff, an order was entered permitting the plaintiff to add and join as party defendant the United States Fidelity & Guaranty Company, a foreign corporation doing business in this State under the provisions of Chapter 283 of said General Laws; and it was further ordered that the writ and declaration be amended by making said company a party defendant and that said company be notified of its joinder as party defendant. Due service of said order was made upon the insurance commissioner of this State.

The amended declaration was filed October 1, 1920, and alleged that April 18, 1920, the defendant Lalonde was a practicing physician; that he was engaged by the plaintiff to treat her professionally; and that on account of his negligence he did not properly treat her, whereupon she sustained serious personal injuries and damage.

The declaration also alleges that prior to said date the defendant company had issued to said Lalonde its policy of

insurance, subject to the provisions of Section 9, Chapter 1268, Public Laws, 1915, insuring him against liability for personal injuries; that said policy was in full force and effect at the time said Lalonde negligently treated said plaintiff; that said policy covered any claim for personal injuries received by the plaintiff by said negligent treatment of said Lalonde; and that said company is directly liable to pay to the plaintiff the amount of damages which said Lalonde is liable to pay to her.

The defendants filed separate demurrers to the amended declaration, that of Lalonde stating six specific grounds and that of the company stating eight grounds. Each demurrer raised constitutional questions and these questions have been certified to this court. The questions raised by Lalonde's demurrer are as follows:

1. Is Section 9 of Chapter 1268 of the Public Laws of the State of Rhode Island, passed at the January Session of the General Assembly of 1915, unconstitutional in that its enforcement will deprive the defendant Lalonde of his right to trial by jury in violation of Section 15 of Article I of the Constitution of the State of Rhode Island?

2. Is said section also unconstitutional in that its enforcement will deprive the defendant Lalonde of his liberty and property without due process of law in violation of Section 1 of the Fourteenth Amendment of the Constitution of the United States?

The questions raised by the company's demurrer are the same with the following additional one:

Is said section unconstitutional in that the enforcement thereof will deprive said defendant of its property otherwise than by the law of the land in violation of Section 10 of Article I of the Constitution of Rhode Island?

So much of said Section 9 as is material to this case is as follows: "Every policy hereafter written insuring against liability for personal injuries . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of

damages for which such insured is liable. Such injured party . . . in his suit against the insured, may join the insurer as a defendant, in which case judgment shall bind either or both the insured and the insurer; or said injured party, . . . after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: *Provided, however,* that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; *and provided, further,* that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

"All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."

This statute has been construed by this court in the case of *Dillon* v. *Mark,* 43 R. I. 119, 110 Atl. Rep. 611, in which the court held that a foreign insurance company was properly joined as defendant with the insured charged with negligence resulting in personal injury to the plaintiff. In discussing this statute, the court said: "The language used is plain and unambiguous, the intention of the legislature is manifest therein and there is no occasion to resort to the title of the act or any other sources to discover either the meaning or the intent of the statute. Having provided for the rights of an employee as against the employer and insurer, provision is then made by Section 9 for the protection of persons who sustain personal injuries for which those who are liable have insured themselves against liability. No distinction is made in the act between domestic and foreign insurance companies; both, if they choose to do business in this State, must conform to the law and are only authorized to issue policies in accordance with the law and subject to the provisions thereof." After opinion, the defendant filed a motion to reargue the case. The motion stated, among other things,

that the statute as construed by the court effected a radical and surprising change in the pleading and practice of common law actions for damages for personal injuries; that it enabled judgment to be entered in tort actions against an insurance company without service of process made on the real defendant, although the relation between the company and the real defendant was contractual; that it permitted the joining in one action defendants subject to different liabilities; and that the plaintiff's attorney would have an opportunity to show the jury that the real defendant was insured. The motion to reargue was denied, the court saying, "This motion does not suggest any matter which was not fully considered and passed upon by the court before delivering its opinion."

The same argument is made by the defendants in the present case, but it is without weight. The danger apprehended on account of joining the defendants in one action is more imaginary than real, and the court cannot assume that a jury will not give each of the defendants a fair and impartial trial; or that the attorney appearing for the plaintiff would be guilty of improper practice during the trial of the case for the purpose of prejudicing the jury against either or both of the defendants.

It is well established that the State may, at any time, alter the laws regulating procedure or practice and provide new remedies for the attainment of justice. In point, is the important law abrogating the defenses, against employees of contributory negligence, the negligence of a fellow servant, and that the employee had assumed the risk of injury.

The defendants claim that said law violates Section 15, Article I of the Constitution of this State which provides that, "The right of trial by jury shall remain inviolate."

In the case of *Mathews* v. *Tripp*, 12 R. I. 256, at page 258, Chief Justice DURFEE said: "Trial by jury is a well known kind of trial. The right of trial by jury, as secured by the Constitution, is in our opinion simply the right to that kind of trial. And the right remains inviolate so long as the jury

continues to be constituted substantially as the jury was constituted when the Constitution was adopted, and so long as all such cases as were then triable by jury continue to be so triable without any restrictions or conditions which materially hamper or burden the right."

In *Mathewson* v. *Ham*, 21 R. I. 311, at page 316, the court said: "The legislature has the right to impose reasonable conditions, in its discretion, upon parties claiming jury trial, and has the right to vary those terms and conditions, from time to time, according to the varying exigencies of different cases."

As the enactment of said section was well within the power of the General Assembly, and does not deprive the defendants of the "right of trial by jury," the defendants' claim that the section is unconstitutional cannot be sustained.

The defendants also claim that said section violates the Constitution of the United States, Fourteenth Amendment, Section I, which provides: "nor shall any state deprive any person of life, liberty, or property without due process of law", but this claim is untenable.

In the case of *Cross* v. *Brown, Steese & Clarke*, 19 R. I. 220, this court said: "But what is due process of law except the observance of those general rules established in our system of jurisprudence for the security of private rights; *i. e.*, a trial or proceeding in which the rights of the parties, after notice and opportunity to be heard shall have been duly given, shall be decided by a tribunal appointed by law and governed by the rules of law previously established?"

In the case of *Carr* v. *Brown*, 20 R. I. 215, the court said: "The words 'due process of law' mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights."

As the defendants have had ample notice of the action against them and of its nature, and have appeared before a court of competent jurisdiction on clearly defined issues of fact to be submitted to a jury, they cannot reasonably claim

that they are liable to be deprived of "property without due process of law."

The defendants claim that said section radically changes the practice and procedure in this State but this court cannot pass upon the question of the wisdom or expediency of the change made by the provisions of said section.

For the reasons previously stated, we find no merit in the remaining claim of the defendant company that said section is unconstitutional as being in violation of Section 10 of Article I of the Constitution of this State.

Our decision is that Section 9, Chapter 1268, Public Laws, 1915, does not violate Sections 10 and 15, Article I of the Constitution of Rhode Island or Section 1 of the Fourteenth Amendment to the Constitution of the United States. All of the questions certified to this court are answered in the negative, and the papers in the case are sent back to the Superior Court, with the decision of this court certified thereon, for further proceedings.

*Curran & Hart*, for plaintiff.

*Huddy, Emerson & Moulton*, for defendant.