## GAGER v. TECHE TRANSFER CO., Inc., et al.

### No. 1019.

Court of Appeal of Louisiana.   First Circuit.

June 30, 1932.

C. A. Blanchard, of Morgan City, for appellant.

Wallis & Butler, of Houma, and Milner & Porteous, of New Orleans, for appellees.

MOUTON, J.

Plaintiff alleges that he was injured June 3, 1930, in a collision in Terrebonne parish between a bus belonging to the Teche Transfer Company and an auto the Reverend C. W. Nicol was driving; and that the driver of the bus and the Reverend Nicol were both at fault; that the latter was severely injured, and subsequently died in the city of New Orleans. He further alleges that the Independent Indemnity Company of Philadelphia, one of the defendants, carried an insurance policy on the auto Mr. Nicol was driving, making itself responsible for all claims of damages which might result from the operation of the car, and that it is therefore liable for the damages caused him by Mr. Nicol, and in his place and stead.

Alleging that the Reverend Nicol had died in New Orleans after the accident, that his succession had not been opened, and that his heirs and legal representatives were unknown to him, plaintiff asked that an attorney of the Terrebonne bar be appointed to represent his succession, unknown representatives and absent heirs upon whom, after qualification, service of legal process might be made.

Finally, plaintiff prays for citation of the absent heirs and representatives of the Reverend Nicol, through an attorney after his appointment and qualification, also of the Teche Transfer Company, through its officers, and of the Independent Indemnity Company, through the secretary of state, and for damages against these defendants in the sum of $50,276, jointly and in solido.

Wallis & Butler of the Terrebonne bar were appointed attorneys to represent the succession, absent, unknown heirs, and representatives of the Reverend C. W. Nicol.

Wallis & Butler excepted to their appointment as representatives of the succession of the Reverend C. W. Nicol for want of legal authority for their appointment, also for lack of jurisdiction in the court, ratione materiæ and personæ.

The indemnity company filed an exception of no cause of action, contending in the exception, that it was made a party defendant only by virtue of Act No. 55 of 1930; also, that the subject-matter of the act is broader than its title; that it embraces more than one object, and is therefore unconstitutional, but, even if constitutional, it could have no application to this case, because it was not in effect at the time of the alleged accident.

An answer to the merits was filed by the Teche Transfer Company.

After the filing of these exceptions and answer by the Teche Transfer Company, though not referred to either in the body of plaintiff's petition or its prayer, a citation was issued and served on Albert W. Newlin, public administrator of the parish of Orleans, who excepted to plaintiff's demand on the ground of no cause of action, want of capacity to stand in judgment, etc.

All the exceptions were maintained below, and plaintiff's suit was dismissed.

Plaintiff appeals.

"A succession is called vacant when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it."   Civ. Code, art. 1095.

The allegation by plaintiff that the succession of Reverend C. W. Nicol had not been opened implies that no one was claiming

it, which brings it within the definition of a vacant succession, under Civ. Code, art. 1095.

The further allegation by plaintiff that all the heirs of the Reverend C. W. Nicol are unknown to him shows with still more completeness that his succession was vacant.

The other instance when a succession is vacant, as defined in that article, is "when all the known heirs have renounced it," which has no application here. The succession of Reverend Nicol was therefore vacant, as appeared from the averments of plaintiff's petition.

When a succession is vacant, all actions against the deceased must be brought where the succession is opened, against the curator appointed by the judge. Civ. Code, arts. 1113–1116.

These actions, says article 122, Code Prac., must be instituted against the curator appointed to administer the succession. The place of opening a succession is, under Civ. Code, art. 935, fixed in the parish where the deceased resided or died. Here, the allegation is that the deceased died in the parish of Orleans where he was residing at the time of his death. Hence it is evident that his succession should have been opened in that parish, and that a curator should have been appointed by a court of the parish of Orleans, where these proceedings could have been instituted against the succession of the deceased.

The court of Terrebonne parish had no power to appoint Wallis and Butler as attorneys, clothing them with legal authority to function as curators of the vacant estate of the Reverend C. W. Nicol. His succession could not be legally brought into court by the service of citation on Wallis and Butler, and the exception filed by them was properly maintained.

As to Newlin, public administrator, there is no allegation or intimation in plaintiff's petition or prayer connecting him with plaintiff's cause of action, or indicating that, in his official capacity or otherwise, he had any relation with the vacant succession in question. Such being the situation, his exception of no cause of action was correctly maintained by the district judge.

The last question to be considered is in reference to the exception filed by the indemnity company, in which it is contended that Act No. 55 of 1930 is unconstitutional; and, if not, that it can have no application because it was not in effect on the date of the alleged accident.

We shall consider these two contentions in their reverse order.

Act No. 55 of 1930, p. 122, amending Act No. 253 of 1918, gives the injured person a right of direct action against the insurer company alone within the terms of the policy in the parish where the accident occurred or the right to sue the assured and insurer company, jointly and in solido.

This suit was brought jointly and in solido against C. W. Nicol, the assured, and the Independent Indemnity Company, insurer. The suit against C. W. Nicol was correctly dismissed, as we have hereinabove stated, but, if plaintiff had the right to bring a direct action against the indemnity company, and therefore independently of a suit against Nicol, the assured, we see no reason why his suit should not now be continued against the indemnity company, insurer.

Counsel for the indemnity company contend that Act No. 55 of 1930 is not retrospective, but, if so, it cannot be given such effect in this case, because it would impair the obligation of the contract under the terms of the policy of insurance which was introduced in evidence in support of the exception of the indemnity company, and without objection.

In the case of Rossville Commercial Alcohol·Corporation v. Dennis Sheen Transfer Co., Inc., et al., 18 La. App. 725, 138 So. 183, 184, the issues here presented by the indemnity company were given full consideration in an elaborate opinion by the Orleans Court of Appeal.

In passing on the contentions urged by defendant herein, the court said that the provisions of Act No. 55 of 1930 merely affected the method of procedure, were remedial, that such statutes are an exception to the general rule, and may have retroactive or retrospective effects, and that such legislation does not impair the obligations of contracts, citing numerous authorities in support of that conclusion.

In passing more fully on Act No. 55 of 1930, amending Act No. 253 of 1918, and adversely to the contentions of the indemnity company, the court expressed itself as follows: "Act No. 253 of 1918, § 1, as amended by Act No. 55 of 1930, § 2, giving injured person or his heirs right of direct action against liability insurer within terms and limits of policy, when given retrospective operation, and applied to all policies in force at time of enactment, does not impair obligation of contracts contrary to Const. U. S. art. 1, § 10, since obligation of insurer to pay in event of damage caused by insured cannot be said to be impaired merely by fact that payment may be demanded directly by injured person instead of indirectly through insured, and no substantive or vested rights are thereby taken from insurer, whose liability remains contingent and dependent on some proof of fault, as was required before passage of act."

The court, in amplifying its views on this subject, said that it was of no substantial importance to the insurer that a suit should be first brought against its principal, and that it had no vested interest in the right to be sued only by its principal.

The court held that to give retrospective or retroactive effect to the statute of 1930 would not have the effect of impairing the obligation of the insurance agreement, and that it was an immaterial circumstance whether the policy was issued before or after the enactment of Act No. 55 of 1930.

The court was fortified in this interpretation of that statute by the ruling applied in the case of Monteleone v. Seaboard F. & M. Ins. Co., 7 Orl. App. 247, affirmed on certiorari, where the provisions of Act No. 168 of 1908 were applied to insurance policies already in existence.

In this case, for like reasons, the provisions of Act No. 55 of 1930, are applicable to the insurance policy in question which was issued prior to the enactment of that statute, and to the alleged date of the accident to which the indemnity company refers in its exception.

In reference to the attack of unconstitutionality raised against the act, the court said: "We feel that the purpose of both statutes was to guarantee to an injured party his rights to recover from the insurer of a person liable to him. There was only one object in both statutes. This object is clearly expressed in both statutes, and in the latter the title is amended and re-enacted. 'This court has * * * held that the title of an act which states the object to be to amend and re-enact a section of the Revised Statutes, only the number of'which is given, expresses its object within constitutional requirements.'—Citing numerous authorities. State v. Land, 131 La. 611, 613, 59 So. 1007, 1008. * * * That it is a sufficient com-

pliance with the constitutional requirement of the title, 'if the title indicates the general purposes of the law, without specifying in detail each particular provision of the law.' [Allopathic State Board of Medical Examiners v. Fowler, 50 La. Ann. 1358, 24 So. 809]; Compagnie Francaise de Navigation à Vapeur v. State Board of Health, 51 La. Ann. 657, 25 So. 591, 596, 56 L. R. A. 795, 72 Am. St. Rep. 458."

On the issue that the new matter inserted in Act No. 55, 1930, is not germane to what was contained in the prior statute, the court said that the subject-matter of the two acts is sufficiently related to permit amendment of one by the other, both statutes having for their object the protection of the right of an injured party to recover from the insurer of the party at fault.

No reasons are advanced by counsel to lead us to an opinion contrary to the one reached by the court in the case above cited on the question involving the constitutionality of the act and the other issues herein presented and disposed of in that opinion adversely to the contentions of the indemnity company.

Proceeding to render judgment in accordance with the foregoing reasons, it is therefore ordered, adjudged, and decreed that the judgment rendered below be affirmed, in so far as it maintains the exceptions filed by Wallis and Butler and by Albert W. Newlin, public administrator; and it is further ordered and decreed that it be, and is hereby, avoided and reversed, where it maintains the exception filed by the Independent Indemnity Company, and that this case be remanded to be tried according to law between plaintiff, the Independent Indemnity Company, and the Teche Transfer Company, Inc.; that the Independent Indemnity Company pay the cost of this appeal; those below to await the decision of this suit.