McARTHUR *v.* MARYLAND CASUALTY CO.

(In Banc. Feb. 6, 1939.)

[186 So. 305. No. 33441.]

Carl Marshall, of Gulfport, for appellant.

Leathers, Wallace & Greaves, of Gulfport, for appellee.

672

676

Argued orally by **Carl Marshall**, for appellant, and by **R. A. Wallace**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This suit is brought by the appellant in the chancery court of Harrison County, Mississippi, against the Maryland Casualty Company, the sole defendant, as insurer of the Gulf Coast Oil Company of New Orleans,

Louisiana, seeking to recover damages resulting from personal injuries alleged to have been sustained by him in the State of Louisiana as the proximate result of the negligence of an employee of the said oil company while such employee was driving a truck and engaged about the duties of his employment.

The tort law of Louisiana is succinctly stated in Article 2315 of the Revised Civil Code as follows: "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it." And Article 2320 imposes such liability on an employer for the negligent conduct of his employees.

The asserted liability of the Gulf Coast Oil Company is therefore based on negligence and is governed by the foregoing general negligence statutes of Louisiana, but is covered by a contract of liability insurance wherein the appellee herein is the insurer and the said oil company is the assured. The suit here under consideration is predicated on Act No. 55 of the Laws of Louisiana, 1930, which is amendatory of Act No. 253 of 1918, relating to contracts of liability, and which act declares, among other things, that: "The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido." The Act is set forth at length in the case of Burkett v. Globe Indemnity Company, Miss., 181 So. 316.

The bill of complaint was filed against the insurer under the above quoted provision of the foregoing Act, and the sole ground of equity jurisdiction was for a discovery as to the terms and provisions of the contract or liability insurance. Whereupon, the appellee furnished a copy of the insurance contract and the same was made

an exhibit to the bill of complaint. Among other clauses, the policy contained the following provisions: "C. No action shall lie against the Company to recover upon any claim or for any loss under Insuring Agreement IV unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years after such final judgment or agreement."

Thereupon, a demurrer was interposed by appellee, alleging, among other grounds, that the Act in question is a procedural and remedial statute only, and creates no new cause of action in favor of the appellant against appellee, but merely prescribes the procedure which may be followed in actions brought in the courts of the State of Louisiana to enforce the tort liability imposed against an employer for the negligent acts of a servant within the meaning of the general negligence statutes of that state; and also that prior to its enactment an injured person had a right of action against an insurance company under a policy of liability insurance issued by it, based upon a judgment rendered against an assured of such insurance company, and that therefore such statute created no new right or cause of action, but merely prescribed the method and procedure by which an existing right might be enforced in an action at law in the courts of that state.

The chancellor sustained the demurrer on the ground that the Court of Appeal of Louisiana had construed the Act to be procedural and remedial; and that hence it should be given no extra territorial effect. Subsequent to that decree this court decided the case of Burkett v. Globe Indemnity Company, supra, holding that the said Act created more than a procedural or remedial right and was therefore enforceable in the courts of this state;

and in consequence of which decision the appellant brought this appeal.

To sustain the decree of the court below, appellee urges that we should overrule the Burkett Case, supra, as being in conflict with the construction placed on said Act No. 55 of the Laws of Louisiana of 1930 by the courts of that state, and cites numerous decisions rendered by the Court of Appeal of Louisiana, which court, under the constitution of that state, has sole appellate jurisdiction of suits involving damages for personal injuries based on negligence, and among which cases are the following: Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., 18 La. App. 725, 138 So. 183; Gager v. Teche Transfer Co., La. App., 143 So. 62; Robbins v. Short, La. App., 165 So. 512; Graham v. American Employer's Ins. Co., La. App., 171 So. 471. These cases expressly hold that the act in question is procedural and remedial, and that it creates no substantive rights or new cause of action not theretofore given an injured party for damages arising out of legal liability created by the provisions of Article 2315 of the Revised Civil Code of Louisiana. The above cited cases will be again referred to in the course of this opinion.

The decision in the Burkett Case, supra, was based in part on the cases of Floyd v. Vicksburg Cooperage Company, 156 Miss. 567, 126 So. 395, and Travelers' Insurance Company v. Inman, 157 Miss. 810, 126 So. 399, and 128 So. 877, which involved the enforcement of the Workmens Compensation Law of Louisiana, Act La. No. 20 of 1914, as amended, in the courts of Mississippi. The Workmens Compensation Act created a new cause of action in favor of an employee against his employer, not theretofore existing under the general negligence statutes of Louisiana, supra, the liability imposed by the Workmens Compensation Act being without regard to fault or negligence. Moreover, the compensation law under consideration in those cases made compulsory the

carrying of liability insurance by the employer, and gave the right to an injured employee to sue the insurer directly as an integral part of the cause of action therein created. It fixed a definite maximum and minimum of recovery, and this measure of damages pertained to the right created rather than to the remedy, Floyd v. Vicksburg Cooperage Co., supra. Prior to its enactment no liability for damages on account of personal injuries existed except for a wrongful or negligent act, and hence the law created liability for injuries not theretofore actionable at all, whereas under Act No. 55 of the Laws of 1930, it is essential that the injured person shall establish a case of negligence arising under a previous statute, Article 2315 of the Revised Civil Code of Louisiana, against the assured, whether the insured tort feasor is a party to the suit or not, as a condition precedent to recovery against the insurer.

The states of Rhode Island and Wisconsin have statutes similar to Act No. 55 of the Laws of Louisiana of 1930, and the courts of those states have likewise construed the provisions thereof to be procedural and remedial only. Morrell v. Lalonde, 44 R. I. 20, 114 A. 178; Stone v. Inter-State Exchange, 200 Wis. 585, 229 N. W. 26; Morgan v. Hunt, 196 Wis. 298, 220 N. W. 224; Bergstein v. Popkin, 202 Wis. 625, 233 N. W. 572; Sweitzer v. Fox, 226 Wis. 26, 275 N. W. 546. The only case called to our attention where the court of a sister state has failed to follow the construction placed on these acts by the courts of the state of their enactment is the case of Kertson v. Mary Johnson, Adm'x, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1, and the report of which case fails to disclose that the Minnesota Court, in construing the Wisconsin Act there involved, had its attention called to any of the decisions of the Supreme Court of Wisconsin holding the statute to be procedural and remedial. At any rate, our Court in passing on the suggestion of error in the case of Travelers' Insurance Company v. Inman,

supra, 128 So. 878, expressly stated: "In administering the laws of the state of Louisiana, of course, we are bound by the construction given such laws by the Supreme Court of Louisiana." In fact, it is well settled that the construction of a statute by the courts of the state whose legislature enacted it will be adopted by the courts of this state. McIntyre v. Ingraham, 35 Miss. 25, and Botanico Medical College v. Atchinson, 41 Miss. 188. To the same effect are the following cases: Green v. Neal, 6 Pet. 291, 8 L. Ed. 402; Town of Scipio v. Wright, 101 U. S. 665, 25 L. Ed. 1037; Louisville, N. O. & T. R. Co. v. State of Mississippi, 133 U. S. 587, 10 S. Ct. 348, 33 L. Ed. 784; McElvaine v. Brush, 142 U. S. 155, 12 S. Ct. 156, 35 L. Ed. 971; Turner v. Wilkes County, 173 U. S. 461, 19 S. Ct. 464, 43 L. Ed. 768; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 S. Ct. 126, 47 L. Ed. 204; Atlantic Coast Line R. Co. v. City of Goldsboro, 232 U. S. 548, 34 S. Ct. 364, 58 L. Ed. 721; Willoughby v. City of Chicago, 235 U. S. 45, 35 S. Ct. 23, 59 L. Ed. 123; St. Louis & K. C. Land Co. v. Kansas City, 241 U. S. 419, 36 S. Ct. 647, 60 L. Ed. 1072; First National Bank v. Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784; Louisville Gas & Electric Co. v. Coleman, 277 U. S. 32, 48 S. Ct. 423, 72 L. Ed. 770; Bandini Petroleum Co. v. Superior Court of California, 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136, 78 A. L. R. 826. The rule being thus almost universally established, it only remains for us to determine what construction has been placed on Act No. 55 of 1930 by the court of last resort of Louisiana having jurisdiction of suits brought under the provisions thereof. Such jurisdiction is vested in the Court of Appeal of Louisiana, Const. of 1921, Art. 7, Sec. 29; Metropolitan Casualty Insurance Company of New York v. Bowdon, 181 La. 295, 159 So. 394, and Reeves v. Globe Indemnity Company of New York, 182 La. 905, 162 So. 724, the Supreme Court of that state being without jurisdiction in suits for damages for physical injuries to, or for the death of a person, or for

other damages sustained within the meaning of the Act here in question. If it be contended that the effect of the Act is to make an injured person a party to the contract of liability insurance between the insurer and the assured, such contention is answered by the Supreme Court of Louisiana in the case of Metropolitan Casualty Company of New York v. Bowdon, supra, 159 So. 396, declining jurisdiction of a cause, and wherein it was said: "The mere fact that the plaintiff is indirectly asserting the tort action as a statutory subrogee and conventional assignee does not make this an action ex contractu. The subrogation and assignment are merely incidental to the main demand." And in the case of Reeves v. Globe Indemnity Company, supra, 162 So. 725, the Supreme Court of Louisiana said: "The plaintiff exercised her statutory optional right to institute this suit against the defendant alone rather than jointly and in solido against defendant and King. However, that fact did not change the nature of the action from one ex delicto to an action ex contractu. The cause that gave rise to the right of action has not been changed, nor does the statutory right of action against the defendant change the nature of the demand. This is a suit for damages for physical injuries, and this court is therefore without jurisdiction ratione materiæ."

In determining the construction placed upon Act No. 55 of the Laws of Louisiana of 1930 by the Court of Appeal of that state, it will be found that in the case of Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Company, Inc., et al., 18 La. App. 725, 138 So. 183, it was held that this statute, when given retrospective operation, and applied to all policies in force at the time of its enactment, does not impair the obligation of contracts contrary to Const. U. S. Art. 1, Sec. 10, U. S. C. A., since the obligation of the insurer to pay in event of damages caused by assured can not be said to be impaired merely by the fact that the payment may

be demanded directly by the injured person instead of indirectly through assured, and no substantive or vested rights are thereby taken from insurer, whose liability remains contingent and dependent on some proof of fault, as was required before the passage of the act. In the course of its opinion the Court said:

". . . Likewise is it found that: 'The rule that the terms of a statute or constitution are not to be interpreted as having a retrospective or retroactive operation, unless the language used plainly conveys that intention and is susceptible of no other interpretation, finds no application to remedial statutes or to the remedial provisions of organic laws. Remedial laws are an exception to the general rule, and may have retroactive or retrospective force.' Cassard v. Tracy (Cassard v. Zacharie), 52 L. Ann. 835, 855, 27 So. 368, 377, 49 L. R. A. 272.

"Here we feel that no substantial right of the insurer would be interfered with by giving to the act of 1930 retrospective effect to such extent as to hold that, into all policies in force at the time of its enactment, there was by the said statute written the terms thereof."

Again, in the case of Gager v. Teche Transfer Company, 143 So. 62, the Court of Appeal cited the Rossville Case, supra, and reaffirmed its holding that the provisions of Act No. 55 of 1930 "merely affected the method of procedure, were remedial, that such statutes are an exception to the general rule, . . . and that such legislation does not impair the obligations of contracts." In other words the Court sustained the constitutionality of the act on the ground that the legislature was procedural and remedial.

Adhering to the holding that the act here in question is procedural and remedial in its nature the Court of Appeal of Louisiana, in the case of Lowry v. Zorn et al., 157 So. 826, said:

"Plaintiff also contends that Act No. 55 of 1930 affects only the remedy or procedure. In so far as in a proper

case the act permits the party injured to join the insurer, the statute is merely remedial. Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., 18 La. App. 725, 138 So., 183; Hudson v. Georgia Casualty Co. (D. C.), 57 F. (2d) 757.

"But if it is construed to give extraterritorial effect to the jurisdiction of the courts, it becomes more than remedial. We cannot so construe it."

The Court of Appeal, again in the case of Robbins v. Short, 165 So. 512, construed the act and said: "This act is purely remedial and does not affect any substantial rights under the contract of insurance. Hudson v. Georgia Casualty Company (D. C.) 57 F. (2d) 757. Nor does the act impair the obligation of contracts."

And, as late as January 1937, the Court of Appeal again held in Graham v. American Employers' Insurance Company, 171 So. 471, that: "The act in question does not furnish substantive rights. Its benefits are procedural in nature. Gager v. Teche Transfer Co. (La. App.), 143 So. 62; Tuck v. Harmon (La. App.), 151 So. 803, 805. The statute merely gives a right of action against the insurer when the claimant has a cause of action against the insured."

Our Court in the case of Dunn Construction Company v. Bourne, 172 Miss. 620, 159 So. 841, construing the Louisiana Workmens Compensation Act, requiring compensation proceedings to be instituted within one year from the time the cause of action accrued, held that since the one year limitation period constituted part of the substantive law, which would be enforced in Mississippi while procedural statutes would not be so enforced, said:

"The controlling principle governing the decision of this case was announced and determined by this court in the case of Louisville & Nashville R. Co. v. Dixon, 168 Miss. 14, 150 So. 811, wherein this court held, with ref-

erence to the particular act here under review, that it created a right of action not existing under the common law, and by its own terms fixed the time within which the action must be begun and that this time limit is a substantive condition inherent in the statute and not a statute of limitations or prescription, and that the right to institute action thereunder becomes extinct after the time fixed therein has elapsed.'' In that case this Court cited with approval the case of White v. Louisiana Western Ry. Company, 174 La. 308, 140 So. 486, and said that the Supreme Court of Louisiana had held that the period of one year limitation referred to ''was so much a matter of substance integral in the statute that a change in it with regard to the allowable period for suits could not be made so as to affect suits on liability occurring prior to the change or amendment, and further held that such a change in the statute would impair the obligation of a contract.'' Thus it will be seen that the Supreme Court of Louisiana has placed an entirely different construction upon the provisions of the Workmens Compensation Law of Louisiana than that placed by the Court of Appeal on the said Act No. 55 of the Laws of 1930 here involved, the Supreme Court holding that the former created substantive rights and the Court of Appeal holding that the latter was merely procedural and remedial. Therefore our Court in the decision of the cases of Floyd v. Vicksburg Cooperage Company, supra; Travelers' Insurance Company v. Inman, supra; Louisville & N. R. Company v. Dixon, supra, and Dunn Construction Company v. Bourne, supra, merely followed the interpretation given the Louisiana Workmens Compensation Law by the Supreme Court of that state, and gave the statute extraterritorial effect because it created a right of action not existing under the common or civil law.

The act here in question affects the question of who may be parties to a tort action arising out of the general

negligence statutes contained in the Revised Civil Code of Louisiana, and it was held in Kirkland & Co. v. Lowe, Pattison & Co., 33 Miss. 423, 69 Am. Dec. 355, that questions as to who are the proper parties to suits, relate rather to the form of the remedy than to the right and merit of the claim, and are therefore to be determined by the law of the forum. And of course an insurer under a contract of insurance liability could not be sued in Mississippi for damages arising from a tort committed by the assured, in the absence of a statute granting the right to sue the insurer direct, and where no privity of contract exists between the injured person and the insurer.

It is true that it was held in the case of Chicago, etc., R. Company v. Doyle, 60 Miss. 977, that: "a right of action created by the statute of another State, of a transitory nature, may be enforced here, where it does not conflict with the public policy of this State to permit its enforcement." But in that case the foreign statute under consideration created the right of action sued on in this state, whereas Act No. 55 of the Louisiana Laws of 1930 merely gave a direct remedy against the insurer to enforce a cause of action already existing under the general negligence statutes of that state against the person responsible for the injury complained of, in lieu of requiring the injured person to take the circuitous course of first obtaining a judgment against the tort feasor and thereafter asserting the liability against the insurer.

While there may be expressions found in reported cases and contained in the work of some text writers which may support the contrary view, we are of the opinion that, although the court of the forum is entitled to decide for itself whether a statute of another state is substantive or procedural in the absence of a construction of the statute by the courts of the state of its enactment, the better rule is that the construction given a statute by the courts of the state whose legislature enacted

it will be adopted by the courts of other jurisdictions, with certain exceptions not present in the case at bar. In fact, it was said by this court in the case of McIntyre et al. v. Ingraham et al., hereinbefore cited, that "no principle of law is of more universal acceptation, or stands upon sounder reason than that the construction put by the proper courts upon the statutes of their own jurisdiction, is conclusive of their force and effect, and will be so regarded by all foreign judicatures, when they may become the subjects of consideration. Story's Confl. Laws, secs. 272, 277. 'This course,' says Chief Justice MARSHALL [Elmendorf v. Taylor, 10 Wheat. 152, 6 L. Ed. 289] 'is founded on the principle, supposed to be universally recognized, that the judicial department of every government, when such department exists, is the appropriate organ for construing the legislative acts of that government.' " Such a rule is supported by the long list of authorities hereinbefore cited on that point; is sanctioned in a manner by Rest. Conflict of Laws, subsection (b) of section 584; and was expressly adhered to by this Court in Travelers' Insurance Company v. Inman, 157 Miss. 810, 126 So. 399, 128 So. 877, where it was said that: "In administering the laws of the state of Louisiana, of course, we are bound by the construction given such laws by the Supreme Court of Louisiana;" and in the case of Dunn Construction Company v. Bourne, 172 Miss. 620, 159 So. 841, where the Court held that the substantive law of Louisiana would be enforced in Mississippi while procedural statutes would not be so enforced. We do not feel justified in undertaking to say that the courts of Louisiana have misunderstood the statute now under consideration, and to then attempt to correct such a misunderstanding. Therefore, in view of the decisions of the Court of Appeals of Louisiana, hereinbefore referred to, holding that Act No. 55 of 1930 is procedural and remedial, and which we feel obligated to follow, whether we are inclined to fully agree

with that interpretation of the act or not, it results that the same should be given no extraterritorial effect; that the case of Burkett v. Globe Indemnity Company, (Miss.), 181 So. 316, should be overruled; and that the decision of the court below sustaining the demurrer and dismissing the bill should be affirmed.

Affirmed.

**Smith, C. J.**, delivered a dissenting opinion.

Burkett v. Globe Indemnity Company (Miss.), 181 So. 316 (not yet reported in the State Reports), was rightly decided and should not be overruled. What I shall here say is merely supplementary to what was there said, and the opinion therein should be read in connection herewith. An interesting and well thought out review of that case by L. A. Wyatt, a student of the University of Mississippi, appears in 11 Miss. Law Journal 234, which may be read with profit, as also the comments thereon by O. B. Triplett, Jr., a member of the bar, in the same volume at page 31.

The case we have before us is a suit in equity by a citizen and resident of Harrison County, Mississippi, against the appellee, a foreign corporation doing business in Mississippi, to recover from it damages for an injury alleged to have been negligently caused him by the Gulf Coast Oil Company in Louisiana, to which company the appellee had issued a policy in that state insuring it against damages negligently inflicted by it on persons.

Act No. 55, Louisiana Laws of 1930, provides that when such a policy is issued: "that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both

the assured and the insurer company, jointly and in solido.''

If this statute confers a right of action, it should be enforced by the courts of this state unless so to do would violate its public policy, Rest. Conflict of Laws, Sec. 607, Chicago, St. L. & N. O. R. Company v. Doyle, 60 Miss. 977, and Travelers' Insurance Company v. Inman, 157 Miss. 810, 126 So. 399, 128 So. 877; but not if it simply provides a procedure for the enforcement of a right of action otherwise conferred. Cf. Floyd v. Vicksburg Cooperage Company, 156 Miss. 567, 126 So. 395, wherein a Louisiana Statute was enforced which created a right of action unknown to our law and against the state's policy which the legislature has several times refused to change—a workman's compensation act creating liability without fault and which was ''cribbed, cabined and confined'' by administrative and procedural requirements. See Rest. Conflict of Laws, page 486, and 2 Beale, The Conflict of Laws 1317. The statute here under consideration in plain and unmistakable language confers a right of action by the injured person against the insurer in a policy of the character here under consideration and the Louisiana Courts so hold. Graham v. American Employers' Ins. Company (La. App.), 171 So. 471. But according to the controlling opinion herein, the statute confers no right of action but merely a procedure for enforcing such a right. That opinion does not determine as an original proposition whether this statute confers a right of action or merely a procedure to enforce such a right, but rests on the fact that the Louisiana Courts have said that it was remedial and procedural. It is true that the Louisiana Courts while saying that the statute confers a right of action have also said that it is remedial and procedural in character. This latter language was not used in connection with any conflict of laws rule, but mainly in cases wherein the validity and retroactive character of the statute was under consideration; but aside

from that the universal rule is that the court of the forum determines for itself whether the right given by a foreign statute is one of substance or procedure. Rest. Conflict of Laws, Sec. 584; 3 Beale, The Conflict of Laws 1601. There is no peculiar magic in either the word "substance" or "procedure" and the line of demarcation between them is shadowy, but I have no doubt that if called on to construe a similar statute of this state this court would hold that a substantive right was conferred thereby—a right of action can be no other. What the statute here under consideration does is to obligate the insurer to pay the damages suffered by an injured person direct to him. This necessarily follows from the grant to the injured person of a right of action directly against the insurer. It is true that this right of action here given the injured person is on a cause of action which without the statute he would have had only against the person who inflicted his injury; Graham v. American Employers' Ins. Company, supra; but that is not the test under the conflict of laws rule, the test there is the right to an action on a given state of facts. A cause of action as distinguished from a right of action is merely the fact or facts out of which a right of action arises. 1 Am. Jur. Action, Sec. 8(c); Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316. The appellant's right of action against the appellee arises out of the facts which constitute his cause of action against the Gulf Coast Oil Company, plus the insurance policy and the Louisiana Statute. When a statute of another state confers a right of action for the recovery of a sum of money, here damages, that right, in a transitory action, will be enforced by the courts of another state. Rest. Conflict of Laws, Sec. 607, Comment a.

Where the question simply is who are proper and necessary parties to an action, the law of the forum governs, but when a right of action is expressly conferred against a designated party no such question arises.

In this day when the tendency is toward uniformity in the administration of justice among the states of our federal union, it is unfortunate that it should be held that the rights and obligations that inhere in this insurance policy vary because of the forum in which an action is brought for their enforcement. Rest. Conflict of Laws 699. The effect of what is here being held is to deny to a citizen of this state access to its courts for the enforcement of a right accruing to him under the laws of another state against a corporation doing business in this state. Whether this violates the full faith and credit clause of the Federal Constitution, U. S. C. A., Const. art. 4, sec. 1, I will not pause to inquire.

**McGowen, J.,** concurs in this opinion.